## JIM TURNER V. THE STATE.

### No. 1059.    Decided June 3rd, 1896.

**1.   New Trial—Newly-Discovered Testimony.**

A new trial will not be granted for newly-discovered testimony which was hearsay and not original evidence; nor will it be granted for evidence which would be only cumulative.

**2.   Evidence Conflicting—Practice on Appeal.**

Where the evidence pro and con is evenly balanced and directly conflicting, the court, on appeal, will not disturb the verdict and judgment.

APPEAL from the District Court of Travis.    Tried below before Hon. F. G. MORRIS.

Appeal from a conviction for assault with intent to murder; penalty, two years' imprisonment in the penitentiary.

Appellant was charged by the indictment with an assault with intent to murder one Hilliard Brown.

The evidence was, that Brown and defendant had some words about Brown's horse.    Afterwards, defendant asked Brown, why he had called him a d—d son-of-a-bitch.    Brown denied that he had called him a d—d son-of-a-bitch, and, after a few words, Brown said, if he had said it, he would not take it back.    At this, according to the State's evidence, defendant drew his pistol; Brown grabbed it—and in the scuffle over it, it was discharged.    Defendant's evidence was to the effect, that when Brown said he would not take it back, he drew his knife and cut at defendant, and defendant then drew his pistol, and bystanders interfered and separated the parties.

*A. S. Houston,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of an assault with intent to murder.    The failure of the court to charge the jury in rela-

tion to the law governing aggravated assault is assigned as error. We do not think the testimony in this case called for a charge upon aggravated assault. If the testimony for the State is true, appellant made an unprovoked and an unnecessary assault with a pistol upon Hiliard Brown. If the testimony for the defense is to be credited, Hilliard Brown made an assault upon appellant with his knife, under such circumstances as indicated that he intended to use it with serious effect, and that in repelling this assault appellant drew his pistol. The testimony clearly presents the issue upon one side of an assault with intent to murder, and upon the other of justification or self-defense. Appellant contends that the court should have granted his motion for a new trial upon newly-discovered testimony. The witnesses by whom this testimony was to be shown were Jane Maxwell and Phil Field. By the witness, Maxwell, he proposed to prove that shortly after the difficulty between Brown and himself, she bound up the finger of one Johnson Billingsley, and that Billingsley told her that Hilliard Brown cut him while he was holding Brown to keep him from cutting appellan.. The witness stated that she did not know that this was material, and never said anything about it until after the appellant was convicted. What Billingsley told this witness was not original evidence, and could not be introduced as such. As to the witness, Field, his proposed testimony shows that he saw Brown draw his knife, and cut at appellant, before appellant drew his pistol; and that Brown would have cut appellant if he had not been prevented by Johnson Billingsley; and, further, that Johnson Billingsley got his finger cut while he was holding Brown. Had this witness been present at the trial, this testimony would have been cumulative, and, being cumulative, it affords no ground for granting a new trial as newly-discovered testimony. See, Willson's Crim. Stat., § 2540, for collated authorities. In regard to the testimony there is a very decided conflict. The issue was sharply drawn by the evidence as stated above. If the testimony for the State be true, this conviction should be sustained; if that for the defendant be true, he should have been acquitted. The jury had the witnesses before them, heard them testify, saw their manner of testifying, and they decided adversely to the appellant. We see no reason for 'sturbing their verdict, and the judgment is affirmed.

*Affirmed.*

HURT, Presiding Judge, absent.

[NOTE.—A motion for rehearing filed by appellant June 18th, 1896, was overruled without a written opinion—Reporter.]