# OCTOBER, 1914.

### LOUIS DE LEROSA v. THE STATE.

No. 3220.   Decided October 14, 1914.

Rehearing denied November 11, 1914.

**1.—Local Option—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence was sufficient to sustain a conviction, there was no reversible error.

**2.—Same—Evidence—Rebuttal—Common Law Rule.**

The statute has changed the common law rule on evidence in rebuttal, and testimony may now be introduced at any time before the argument is concluded if it appears that it is necessary to a due administration of justice, and there was no error in permitting the State to introduce a witness in rebuttal after the defendant had closed his evidence.

**3.—Same—Evidence—Corroboration.**

Where the State's witness testified that he had purchased whisky from the defendant, which the latter denied, it was no abuse of discretion for the court to allow another State's witness to testify that he saw defendant sell and deliver the whisky to the first State's witness.

**4.—Same—Evidence—General Reputation.**

Where, upon trial of a violation of the local option law, the defendant had been permitted to show that the reputation of the defendant for truth and veracity and a law-abiding citizen was good, which the State did not controvert, there was no error in excluding testimony that defendant's witnesses had never seen defendant sell whisky, etc., as the issue was whether he had made the alleged sale.

**5.—Same—Newly Discovered Evidence.**

Where defendant's motion for new trial did not show the proper diligence in not discovering the alleged newly discovered evidence, and, besides, the same was merely cumulative, there was no error in overruling the motion. Following Riojas v. State, 36 Texas Crim. Rep., 182, and other cases.

**6.—Same—Alibi—Charge of Court—Invited Error.**

Where, upon trial of a violation of the local option law, the court properly charged on the issue of alibi and also submitted a requested charge on that issue, there was no error; besides, if there was error, it was invited by the defendant.  Following Cornwell v. State, 61 Texas Crim. Rep., 122.

**7.—Same—Charge of Court—Date of Offense.**

Where, upon trial of a violation of the local option law, the requested charge upon the date of the offense was too restrictive, there was no error in refusing the same.

Appeal from the District Court of Caldwell.   Tried below before the Hon. F. S. Roberts.

Appeal from a conviction of a violation of the local option law; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*O. Ellis, Jr.,* and *S. R. Graves,* for appellant.—On question of the court's charge on alibi: Morrow v. State, 56 Texas Crim. Rep., 519, 120 S. W. Rep., 491.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of selling intoxicating liquors in prohibition territory, and his punishment assessed at three years confinement in the State penitentiary.

Feliz Foster testified that he, in company with Abraham Alva and Jose Morena, went to the house of one Susie Sombrano and while there he purchased from appellant two quarts of whisky, paying him four dollars therefor. That the whisky was purchased for himself, Alva, Moreno and Miguel Gonzales. Abraham Alva also testified to the purchase. The defendant testified and denied making any sale to Foster.

After the defendant had closed, the State then introduced Moreno as a witness in rebuttal, to which defendant objected. Under the common law rule of evidence the defendant's objections should have been sustained, and it would have been error not to have done so, but our statute has changed that rule and provided (art. 718) that the court shall allow testimony to be introduced at any time before the argument is concluded if it appears that it is necessary to a due administration of justice.

Foster testified he had purchased whisky from appellant; appellant denied selling the whisky. It was no abuse of discretion for the court to allow Moreno to testify that he saw appellant sell and deliver the whisky to Foster.

Appellant introduced Joe Probst, Zack H. Hanna and J. R. Bradshaw and proved by them that the reputation of appellant for truth and veracity was good, and that his reputation for being a peaceable, quiet, law-abiding citizen was good. These witnesses were not cross-examined as to these matters, and no testimony was offered by the State on those issues, yet appellant insists that he should have been permitted to ask these witnesses as to the general reputation of appellant as to loitering about saloons, as to his habits as a drinking man, and had the witnesses ever known of appellant peddling whisky. The fact that those witnesses had never seen appellant sell whisky would be no evidence on the issue of whether or not he sold Foster whisky. The State narrowed its proof down to that identical sale, and the fact that he had never sold whisky to the three gentlemen named would not tend to show that he had not sold the whisky with which he was charged with selling in this case. The other questions as to whether or not he had the reputation of being a drinking man or a loiterer about the saloons were germane to no issue in the case, and the court permitted appellant to go as far on the issue of appellant's reputation as was permissible on the issues made in the case.

Appellant asked a new trial on the ground of alleged newly discovered testimony. This trial was had March 31st. The State's witnesses fixed the date of purchase of the whisky as three or four weeks before the date of the trial, and said it was on a Saturday, shortly after noon. Appellant then testified he was not at Lockhart on Saturday, March 7th, but on that date was at the home of his father, and went from there to the home of Jesus Ramerez, where he spent Sunday, the 8th, that being the birthday of one of the children of Ramerez. He introduced several witnesses to prove those facts, and yet in the motion for new trial he contends that the testimony of Erculano Barboza, who he says will testify that he rode with appellant from his (appellant's) father's to the home of Ramerez on that occasion and spent the 8th with appellant. If Barboza would so testify appellant knew that fact before the trial and during the trial as well as Barboza did. So in no sense of the word can it be said to be newly discovered testimony. If he should say he did not know the materiality of the testimony before the trial, it certainly became apparent during the trial, and when he discovered that it was material, he should then have asked the court for process for the witness, and requested that the court give him time to secure his attendance. He could not sit idly by, continue the trial in the hope of an acquittal, and then, in case he was convicted, hope to get a new trial on account of testimony that he could have secured on this trial by the exercise of the least diligence. Again such testimony would be but cumulative of the testimony of Ramerez and others. It has always. been held by this court that where the motion shows on its face that the defendant could not have been ignorant of the existence of the alleged newly discovered evidence, the new trial should be denied. (Price v. State, 36 Texas Crim. Rep., 403; Blount v. State, 34 Texas Crim. Rep., 640.) Again it has been held that a new trial will not be granted for testimony which is merely cumulative. (Riojas v. State, 36 Texas Crim. Rep., 182; Turner v. State, 37 Texas Crim. Rep., 451.) Tested by either of these rules, the court did not err in refusing a new trial on account of the alleged newly discovered testimony.

The only other bill in the record is one in which appellant complains that the court erred in charging on what is termed an alibi. Had the court's charge been so drawn as to lead the jury to believe that the court was of the opinion that a sale of whisky had been made, appellant might have ground to complain, but the court in wording his charge so framed it as to leave it to the jury to determine whether or not an offense had been committed, he instructing them "that if the offense was committed, as alleged, then if defendant claims at the time of the commission thereof he was at another and different place," etc. In addition to this appellant asked a special charge, a portion of which reads: "The defendant denies making the sale and testifies that at the time of the said sale to which the State's witness Feliz Foster testifies he, the defendant, was not in the said City of Lockhart but was on said date in Bastrop County, Texas, and therefore could not have made said sale if any was made. You are therefore instructed that if you believe from the evi-

dence in this case that the defendant was not in the City of Lockhart, Caldwell County, Texas, at the time said alleged sale was made, then you will find the defendant not guilty, or if you have a reasonable doubt of the defendant being in said City of Lockhart at the time the sale was made, if any was made, you will acquit the defendant." This was requesting the court to submit the issue of an alibi, and as he requested the court to submit the issue of an alibi, and as he requested the submission of the issue, it would not be reversible error for the court to do so, for invited error is never ground for reversal of a case. (Cornwell v. State, 61 Texas Crim. Rep., 122, 134 S. W. Rep., 221, and cases there cited.) The charge on alibi being in language frequently approved by this court, and appellant having, by a specially requested charge, asked the submission of that issue, he can not now be heard to complain.

Other portions of his special charge sought to narrow the issue as to whether a sale was made on Saturday, March 7th. This was too restrictive, and the court did not err in refusing to give it. No witness sought to fix that as the specific date of sale, but the State's witnesses fixed the date as Saturday, two or three weeks before the trial, and to meet this issue appellant sought to show he was not in Lockhart on either the first or second Saturday in March, and as the State's evidence would not make it clear whether it was the first or second Saturday in March, it would have been improper to limit the consideration of the jury to either one of those dates alone.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied November 11, 1914.—Reporter.]