## WILL STONE v. THE STATE.

### No. 6691.   Decided March 22, 1922.

1.—Assault to Murder—Evidence—Practice in Trial Court—Cumulative Testimony.

Where, upon trial of assault with intent to murder, after defendant rested his case, the State introduced a number of eyewitnesses giving testimony conflicting with that of defendant and corroborative of that given by the State's witnesses in opening the case, which testimony was cumulative, and thereupon defendant offered testimony of three eyewitnesses who would have given material testimony for the defense, and in detail would have corroborated the testimony of the defendant, which the court refused to admit, the same was reversible error.   And the fact that the State's testimony was cumulative was immaterial.   Following Zimmer v. State, 64 Texas Crim. Rep., 117.

2.—Same—Rule Stated—Cumulative Testimony—Practice in Trial Court.

The court having permitted the State to strengthen its case by the introduction of cumulative evidence pointing to the guilt of defendant, the due administration of justice demanded that a like privilege should not be denied the defendant to present material testimony directly tending to establish his innocence.

Appeal from the District Court of Grayson.   Tried below before the Honorable F. E. Wilcox.

Appeal from a conviction of assault with intention to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*C. G. Freeman,* for appellant.—On question of rejected testimony. White v. State, 150 S. W. Rep., 609.   Hardy v. State, 231 id., 1097.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Appellant appeals from a conviction of assault with intent to murder; punishment fixed at confinement in the penitentiary for a period of two years.

That appellant, using a pistol, shot the prosecuting witness Moss twice is a conceded fact.   The evidence touching the attending circumstance was conflicting, the State's theory being that the appellant accosted the injured party, asked him whether he had made a certain statement, and receiving a negative reply, he, using an oath, drew his pistol, which first snapped but afterwards fired twice, striking Moss in the shoulder; that in the opening of the State's case, the prosecuting witness testified that he was unarmed and made no hostile demonstration against the appellant.   This theory, upon the opening of the case, was supported by another eye-witness introduced by the State.

After proving the character of the wounds, the State rested.   The

appellant testified, in substance, that he had been informed that the words and conduct of Moss towards the sister of appellant had been insulting; that he also had been informed that Moss had threatened to kill the appellant, and acting upon this information, he armed himself and sought an interview; that the information had come to him directly from his sister and from others; and when Moss was taxed with it in the interview which appellant sought, he denied it, whereupon the appellant called him a "liar" and Moss made a demonstration, drew his pistol and fired; that the appellant, upon seeing the demonstration, drew his pistol and fired, the shots being simultaneous. Moss fled into a drug store and while retreating was endeavoring to shoot the appellant. He introduced other witnesses verifying the insulting words and conduct and threats and their communication to the appellant.

After resting his case, the State introduced a number of eye-witnesses giving testimony conflicting with that of the appellant and corroborative of that given by the State's prosecuting witness in opening the case. These witnesses testified to facts which were cumulative of the State's opening testimony, both as to the manner of the shooting by the appellant and to the unarmed condition of the prosecuting witness Moss. They went into detail touching the surroundings, conduct of bystanders, the description of the premises, and the prosecuting witness was recalled, and in addition to denying the insulting words and conduct and threats, reiterated his statement originally made, describing the difficulty and declaring that he was unarmed.

Upon the State's closing, the appellant offered the testimony of three eye-witnesses, who admittedly were present at the time of the difficulty and would have testified that Moss was armed with a pistol and fired at the appellant and in detail would have corroborated the testimony of the appellant and supported his theory as advanced by his evidence. The effort to introduce this testimony was opposed by the State, and the court excluded it. In qualifying the bills excepting to this, he said that the case had been previously tried and the parties knew what testimony the witness would give; that the witnesses were present; that after the appellant rested, the State introduced other witnesses without objection, whose testimony was in part cumulative to that first introduced and partly in rebuttal of appellant's testimony; that at this state of the record, the proffered testimony was cumulative of appellant's testimony in chief and not in rebuttal of new matter brought out by the State. The soundness of this rule is called in question in an appropriate manner in this appeal.

We infer from the language of the court in qualifying the bills that he proceeded upon the theory that if appellant had objected to the cumulative testimony which the State introduced after it rested, it might have been properly excluded, and that having failed to ob-

ject to its introduction, he is not in a position to introduce evidence conflicting with it. We are not aware of any rule that would render cumulative testimony introduced by the State subject to objection. If it had been immaterial testimony, the appellant failing to object to it, might be estopped to meet it. Zimmer v. State, 64 Texas Crim. Rep. 117, and cases therein cited. On numerous occasions, it has been held that the complaint by the accused of the introduction of cumulative testimony in rebuttal is not violative of his rights nor contrary to any law of the State. Montgomery v. State, 68 Texas Crim. Rep. 77, 151 S. W. Rep. 813; De Lerosa v. State, 74 Texas Crim. Rep., 604, 170 S. W. Rep. 312; Thompson v. State, 35 Texas Crim. Rep. 511; Graham v. State, 57 Texas Crim. Rep. 105; Raleigh v. State, 74 Texas Crim. Rep., 484, 168 S. W. Rep. 1050. That rebuttal testimony must be directed against new matter and not that brought in in the opening of the case is abrogated by the statute in this state. Morris v. State, 30 Texas Crim. App. 95; Code of Crim. Proc., Art. 718. It is within the discretion of the trial court to refuse to hear testimony proffered after the beginning of the argument, and only when the discretion is clearly abused will the action be reviewed. Code of Crim. Proc., Art. 718; Toler v. State, 41 Texas Crim. Rep. 659; and other cases collated in Vernon's Texas Crim. Statutes, Vol. 2, pp. 396 and 397. Concerning the testimony offered before the argument begins, the discretion of the court is not so broad. De Lerosa v. State, 74 Texas Crim. Rep., 604, 170 S. W. Rep. 313. In fact, under the latter circumstances, if the proffered evidence is material and bears directly upon the main issues in the case, it would not be within the discretion of the court to exclude it unless it was offered under conditions which would impede the progress of the trial or in some way interfere with the due and orderly administration of justice. Hewitt v. State, 10 Texas Crim. App. 506; Mancha v. State, 57 Texas Crim. Rep. 335; Elsworth v. State, 52 Texas Crim. Rep. 1. As applied to the instant case, the court having permitted the State to strengthen its case by the introduction of cumulative evidence pointing to the guilt of the appellant, the due administration of justice demanded that a like privilege should not be denied the appellant to present material testimony directly tending to establish his innocence.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*