FRED WALKER v. THE STATE

No. 6792.     Decided April 26, 1922.

1.—Rape—Continuance—Defective Application—Motion for New Trial—Affidavits.

Where it was not stated in the application for continuance what each of the absent witnesses would testify to, and the application only stated that the defendant would "seek to show" certain things by the witness, the same was insufficient; besides, the motion for new trial showed that the court did not err in overruling the application; besides, there were no supporting affidavits to the motion for new trial.

**2.—Same—Introducing Witness After Testimony Closed—Practice in Trial Court.**

Where appellant complained that the court declined to permit him to introduce a certain witness after the evidence in the case had closed, and before argument of counsel, but the record showed that the witness was not produced and thereupon the court proceeded with the trial, there was no reversible error.                -

**3.—Same—Newly Discovered Evidence—Motion for New Trial—Affidavit.**

This court is not authorized to consider newly discovered evidence where the motion for new trial is not sworn to by the defendant, and it is not enough that the affidavit of the witness from whom it is claimed the newly discovered evidence will emanate is attached. Following Young v. State, 86 Texas Crim. Rep., 621, and other cases.

Appeal from the District Court of Hood. Tried below before the · ·
Honorable J. D. Keith.

Appeal from a conviction of rape; penalty, five years imprisonment in the penitentiary.

The opinion states case.

*B. H. Oxford*, for appellant.—On question of continuance: Cordway v. State, S. W. Rep., 670; Taylor v. State, 11 id., 35.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for statutory rape, punishment assessed at five years confinement in the penitentiary.

We gather from the record that appellant is a negro man about sixty-two years of age, and the alleged injured female, Jewell Keith, a little negro girl ten years of age. Upon the occasion of this alleged offense it is claimed by the State that appellant took Jewell Keith and Ethel Wren, the latter being about the same age as prosecutrix, on the creek fishing. Jewell Keith testifies that ostensibly for the purpose of finding a better fishing place appellant took her with him, leaving Ethel alone, and accomplished the act of intercourse with her at that time. Ethel supports the testimony of prosecutrix, stating that appellant and Jewell left her, he saying they were going to find a better fishing place; that she, becoming tired of being alone, went to look for them and found them in the act of copulation. Appellant testified denying in toto the transaction. He claimed that he was at

the time afflicted with a loathsome disease, and that his private parts were in such condition that if he had desired to accomplish an act of intercourse with a mature woman it would have been impossible for him to do so, and further that if he had committed an act of intercourse with prosecutrix that the disease would have been communicated to her. It appears from the evidence that no such disease had been communicated to her, and the testimony was conflicting as to whether such communication would have necessarily occurred. Some of the physicians who testified asserted that if a male person afflicted with the disease from which appellant was suffering had intercourse with prosecutrix it would have been likely that such disease would have been communicated to her, but that such result would not always occur. The testimony of other physicians was to the effect that in their opinion if such copulation had taken place the disease would have been communicated. The doctor who examined the little girl testified that he could not say that she had ever had intercourse with a man, and the testimony from him is silent as to the condition of her private parts as to whether or not they were enlarged or showed the entrance or probability of entrance of any object as large as a male organ. He testified that he detected no sign of disease such as appellant was afflicted with. Prosecutrix herself testified positively to complete intercourse on the part of appellant. It will be seen that the testimony was conflicting and was of that character which would have authorized the jury to have reached a different conclusion than that at which they did arrive, but it being a matter purely for their determination and the evidence being sufficient to support the verdict we do not feel authorized to disturb the same by reason of such conflict.

The indictment against appellant was returned September 9, 1921. On the 12th of September, 1921 he caused subpœnas to be issued for Dr. C. L. Underwood and Dr. R. J. Milling, both of whom are alleged to have resided at Cisto, but the latter was temporarily in Palo Pinto County. The process was served on Dr. Milling but as to Dr. Underwood was returned unserved. The case was tried September 26th, 1921. It may be conceded that diligence was shown to secure these witnesses. We are of opinion, however, the application is defective as hereinafter pointed out. It is alleged in the application that "The defendant will *seek* to show by the *witness* that he, defendant, for some years past and up to and before this alleged assault was committed, had been treated for syphillis by *this witness*, and was in a critical condition, and would have conveyed said disease to anyone with whom he would have carnal intercourse, and that the witness Jewell Keith had not had such disease conveyed to her." It will be noted that the application does not set out definitely what *each* of said witness will testify to. The application only states that the de-

fendant will *seek* to show certain things by the *witness*. Art. 608, Code Cr. Proc. requires an application for continuance to set out the facts which are expected to be proved by the absent witnesses. To our minds there is a vast diffrence between a statement that accused expects to prove by a certain witness certain facts, or that the witness if present would testify to certain facts, and a statement merely that an accused will *seek* to prove by a witness certain facts. The allegation in the application is more analogous to an instance where a party complaining of the refusal of the court to admit offered testimony simply shows by his bill of exception that he *attempted* to prove certain matters by a witness, without stating that the witness would have given certain testimony. Ahlgren v. State, (opinion delivered March 15th, 1922, and not yet officially reported.)

The motion for new trial was passed upon by the court on October 6th, 1921, twelve days subsequent to the trial, and there is no affidavit from either absent witness attached to the motion for new trial showing that if present they would have testified to the matters suggested in the application for continuance. If such affidavits were attached we might look to them for information, but in their absence are constrained to hold that the court committed no error in overruling such application.

Appellant complains at the action of the trial court in declining to permit him to introduce the witness G. A. Waltrip after the evidence in the case had closed and before argument of counsel. The testimony of said witness would have tended to impeach the State's witness Ruby Wren and to have supported the testimony of appellant on a collateral issue, it being the contention of appellant that the witness Ruby Wren had tried to get four dollars from appellant and had threatened that if he did not let her have it he would live to regret it. The court approves the bill of exception with the explanation that the evidence closed on the 26th day of September, 1921, and the witnesses were released; that on the morning of the 27th the court waited five or ten minutes for said Waltrip who was not under process to appear; that he was not produced and thereupon the court read the charge to the jury and the argument was had. We understand from the trial judge's qualification that the witness was not present in court, and had not been summoned. Under these circumstances no error is shown by the bill.

As one ground of his motion for new trial appellant sets up newly discovered evidence, and attaches to his motion affidavits of G. A. Waltrip and Maud Crow as containing the evidence which he claims to be newly discovered. This court is not authorized to consider this ground of the motion because same is not sworn to. It has long been held in an unbroken line of decisions that where a new trial is sought on the ground of newly discovered evidence it is a prerequisite for

the consideration thereof that the same be sworn to by defendant. It is not enough that the affidavit of the witness from whom it is claimed the newly discovered evidence will emanate is attached. The defendant by his own affidavit must show that the evidence was unknown to him at the time of the trial, and could not have been discovered by any reasonable diligence on his part. Such verification is entirely lacking in the instant case. See Branch's Anno. P. C., Secs. 193 to 195. Young v. State, 86 Texas Crim. Rep., 621, 218 S. W. Rep., 754; Parroccini v. State, 90 Texas Crim. Rep., 320, 234 S. W. Rep., 671.

The judgment of the trial court is affirmed.

*Affirmed.*