Luther Earl **KEPLEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 38301.

Court of Criminal Appeals of Texas.

May 26, 1965.

Rehearing Denied June 23, 1965.

Homer A. Brown, of Brown & Brown, Garland, for appellant.

Henry Wade, Dist. Atty., Charles Caperton, Scott Bradley and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The offense is driving while intoxicated; the punishment assessed by the jury's verdict, 90 days in jail and a fine of $50.00.

The trial of this cause commenced on the morning of November 2, 1964. The record reflects that counsel for appellant and the Court had some discussion as to what time the Court would conclude the trial for the day, and the Court either estimated about 4:30 P.M. or replied around 4:30 P.M. he normally adjourned for the day. The State completed its testimony and rested at around 2:30 or 3:00 P.M. Appellant then called two witnesses who testified, and the appellant also testified in his own behalf. The Court then granted appellant a five minute recess for the purpose of procuring a witness, Mr. Ward. When Mr. Ward did not appear, the State recalled Mrs. Delona Sherman, as a rebuttal witness, at appellant's suggestion. Appellant's witness having not yet appeared, appellant's counsel recalled to the stand a state's witness, Officer Spence. After he had cross-examined Officer Spence only to the extent of some four and one-half pages in the statement of facts, he inquired of the Court: "Judge, if we get through with this witness can we wait until——", and the Court replied: "Un-

less your witnesses are here when we get through with this one I am going to adjourn for the day and we will argue it Wednesday morning." Appellant's counsel then inquired of the Court: "Will we have the right to bring our witnesses Wednesday morning?", and the Court responded: "No, sir, because you announced ready to 9:00 o'clock this morning—I have taken two recesses for you."

This examination took some 23 pages in the statement of facts. The record reflects that during appellant's examination of this witness it was after 4:30 P.M. and the clerk's office had closed. It is apparent from the record that the Court had taken two recesses to give appellant's counsel time to obtain his witnesses. In the ensuing discussion between the Court and counsel for appellant it may be concluded that appellant's counsel either told the Court or led the Court to believe that he, appellant's counsel, wanted to delay the case until Wednesday, November 4, 1964, being the day after the general election and then to put on said witnesses. The trial court evidently interpreted appellant's counsel's remarks to mean that he intended to delay the trial by examining the state's witnesses until such time as the court had to recess for the day, and then to put on his absent witnesses on Wednesday. At approximately 5:30 P.M. appellant demanded that the Court issue an attachment for the witnesses that he had subpoenaed. The Court refused the demand for the reason that the clerk's office had been closed for almost an hour. Appellant had subpoenas issued for said witnesses on 1:43 P.M. and 1:45 P.M. on the date of the trial, after both sides had announced ready at 9.00 A.M. and the trial of the case was in progress. The subpoena for the witness, Ward, was issued at 1:43 P.M. commanding him to appear at 3:00 P.M. on said date, November 2, 1964. This subpoena was executed at 3:05 P.M. on said date. The other subpoena for the witness, Betty Fugate, was issued at 1:46 P.M. on November 2, 1964, commanding said witness to appear on Wednesday, November

4, 1964, and said subpoena was executed at 4:00 P.M. on November 3, 1964. The trial court did not recess for the day when the hour of 4:30 P.M. had been reached, and advised appellant's counsel that he had announced ready at 9:00 A.M. that morning and must now proceed. After appellant's lengthy examination of Officer Spence and having recalled Officer Peterson, between 5:20 and 6:00 P.M., after a five minute recess, the Court closed the testimony in the case and excused all the witnesses and ordered arguments for 10:00 A.M., Wednesday morning, November 4, 1964. The appellant had the two witnesses in question available in the Courtroom to testify on November 4, 1964, before either party had closed their case, or before the appellant had rested and before the charge had been read to the jury, and, of course, prior to arguments being made.

The trial judge fell into error in refusing to allow appellant's counsel to adduce testimony from the two witnesses who were available to testify on Wednesday, November 4, 1964. Although the testimony of these two witnesses is brought forward by bill of exception and the state takes issue with the testimony and says that it is either cumulative or of no probative value, we feel that appellant had the right to adduce it and allow the jury to weigh its credibility and probative value. It was an abuse of discretion not to allow its submission to the jury. Art. 643, Vernon's Ann.C.C.P., provides for the allowance of testimony to be introduced at any time before the argument of a cause is concluded, if it appear that it is necessary to a due administration of justice. In Meeks v. State, 135 Tex.Cr. R. 170, 117 S.W.2d 454, this Court held that it was not within the discretion of the Court to exclude the testimony of witnesses present before the Court read his charge to the jury and prior to the time the argument began. We there said: While further time would have been taken if the witnesses had been permitted to testify, it is not shown that a postponement would have resulted. No facts and circumstances are presented

which would in any manner indicate that the introduction of such testimony would have impeded the trial or in any way interfered with the due and orderly administration of justice. Also, see Stanley v. State, 138 Tex.Cr.R. 486, 137 S.W.2d 34.

The judgment is reversed and the cause remanded.