**O. C. WILKINSON, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 40889.

Court of Criminal Appeals of Texas.

Jan. 3, 1968.

Rehearing Denied Feb. 14, 1968.

**312**

Paul Wisdom, Jr., Dallas, (Court Appointed on Appeal Only), for appellant.

Henry Wade, Dist. Atty., Ross Teter and William S. Mason, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The conviction is for robbery with firearms; the punishment, twenty-five years.

Insanity as a defense was interposed by appellant.

Witnesses were called by the state and the appellant, including two psychiatrists, who testified on the issue.

The jury, in their verdict, found appellant sane at the time of trial and that he was sane at the time of the alleged offense and guilty of the offense of robbery, as charged in the indictment.

Appellant urges as error that portion of the court's charge on insanity which gave application to the "right and wrong" test of insanity, under the M'Naghten rule.

■ No objection was made by appellant to the charge. However, we find no error in the charge, as the "right and wrong" test is the legal test of insanity used in this state. Ross v. State, 153 Tex.Cr.R. 312, 220 S.W.2d 137; Freeman v. State, 166 Tex.Cr.R. 626, 317 S.W.2d 726; and Bush v. State, 172 Tex.Cr.R. 54, 353 S.W. 2d 855. While we are aware that such test is not accepted in some jurisdictions, we adhere to our holding that such is the proper legal test to be used in this state.

■ We also overrule appellant's contention that he was denied a fair trial because adequate psychiatric examination was not offered to him. The record reflects that the two psychiatrists who testified in the case—Dr. James Hall for the appellant, and Dr. John T. Holbrook for the state—had each observed and examined appellant on two different occasions, for approximately one hour each, before expressing their opinions in the case.

■ We also overrule appellant's contention that the court erred in admitting in evidence the judgment in a preliminary sanity hearing because, as urged in appellant's brief, the "prior sanity hearing contained the same defects as the main trial and denied the *D*efendant his liberty without due process of law, contrary to the fourteenth amendment to the United States Constitution as did the main trial." The only objection made to the admission in evidence of the prior judgment was: "We object to it under the best evidence rule. It is apparently a copy of some court judgment." The objection was not well taken, as the exhibit was a duly certified copy of the judgment under the hand and seal of the district clerk of Dallas County.

■ In oral argument before this court, appellant cites the case of Greer v. Beto, 379 F.2d 923 (Fifth Circuit) in support of his contention. In the Greer case it was held that the failure of defense counsel to offer testimony on the question of sanity at the trial on its merits was compounded by the introduction in evidence of the jury verdict in a prior sanity trial and made out a prima facie case of ineffective and inadequate assistance of counsel. We do

313

not construe this case as supporting appellant's claim of reversible error in merely admitting the prior judgment in evidence upon the main trial when there was testimony offered on the issue of insanity.

 Error is urged on the ground that appellant was tried while dressed in jail clothing.

While, in the testimony, reference was made to appellant being dressed in "white coveralls," no objection was made to the manner of his dress and there is no showing that he had other civilian clothing at hand. Under the facts, we do not consider Brooks v. State of Texas, et al., 381 F.2d 619, Fifth Circuit, 1967, which condemned the trial of an accused in jail clothing, as authority for a reversal of the conviction on the ground urged.

In the absence of a showing of injury or prejudice to appellant, no reversible error is perceived. Xanthull v. State, Tex.Cr. App., 403 S.W.2d 807.

 Appellant's last ground of error is to the court's action in refusing his request to reopen the case after both sides had rested and the testimony was closed to permit appellant's mother to testify and rebut certain testimony given by Dr. Holbrook, who had been called by the state and testified on the issue of insanity.

 The record reflects that the mother's testimony was to be offered as impeachment of Dr. Holbrook's testimony. Dr. Holbrook had been excused and was not then available in court to testify as a witness. Had the case been reopened, an indefinite delay would have resulted. While Art. 38.02, Vernon's Ann.C.C.P., permits the court to allow testimony to be introduced at any time before argument, the matter of permitting either party to reopen the case is held to be discretionary. Adams v. State, 154 Tex.Cr.R. 92, 221 S.W.2d 264, cert.

denied, 338 U.S. 906, 70 S.Ct. 302, 94 L.Ed. 558.

We find no abuse of discretion. The ground of error is overruled.

The judgment is affirmed.