Calvin SCOTT, Appellant,

v.

The STATE of Texas, Appellee.

No. 56091.

Court of Criminal Appeals of Texas, Panel No. Two.

April 4, 1979.

Rehearing Denied May 14, 1980.

Phillip O. Vick, Denton, for appellant.

John E. Lawhon, County Atty., and Freddie Dean Marsh, Asst. County Atty., Denton, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and ODOM, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for aggravated robbery. Punishment was enhanced to life in prison. Appellant complains that the trial court erred in refusing to reopen the case after both sides closed so that he could offer an alibi witness.

After both sides closed at the end of the first day of trial and court was adjourned until 9:00 a. m. the next morning, appellant filed a motion to reopen [1] which the trial judge granted at seven minutes after 9:00. The jury was brought into the courtroom and the judge asked appellant's counsel where his witness was. Counsel said he didn't know. Her name was called at the courthouse door to no avail. Defense counsel requested a few minutes to see if she would get there but the judge refused, saying it was eight minutes after 9:00 and, since the witness was not present, the trial would proceed. He then read the charge to the jury. While he was doing this, appellant's witness arrived. Defense counsel reurged his motion to reopen when the judge finished reading the charge. The judge overruled the motion and state's counsel proceeded with his opening jury argument. When he had finished, defense counsel, prior to making his jury argument, once more asked to reopen and was refused. He then had the witness rise and state her name for the record.

After the trial a hearing on appellant's motion for new trial was held on the issue. It was there developed that appellant's counsel had made several unsuccessful attempts to contact the witness, and was first successful in reaching her on the night before he filed his motion to reopen. At this hearing it was also developed what testimony the witness would have given. She testified that appellant had been in her restaurant at approximately the time he was alleged to have been engaged in the robbery.

---

1. Appellant's motion to reopen reads in pertinent part:

"Comes now Calvin Scott, Defendant in the above entitled and numbered cause by and through his attorney of record, Phillip O. Vick, before the conclusion of final argument in this cause and respectfully moves the Court for leave to reopen the Defendant's case for the purpose of introducing further evidence herein and in addition to the evidence previously offered in behalf of the Defendant and admitted in the trial and as grounds for this motion, the Defendant would show the Court as follows:

I.

"Article 36.02, C.C.P. states as follows: The Court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due determination of justice.

II.

"The defense should be allowed leave to resume its presentation of evidence in the trial of this case in open court for the purpose of introducing the following evidence, to wit: Testimony from one Barbara Smith, who has now made it known to the Defendant's counsel, that she was with the Defendant herein at approximately the time the alleged robbery took place. And that this place was on Prairie Street, Denton, Denton County, Texas. And for further testimony by the same witness to the effect that the State's witness, Al Smith, had made prior statements inconsistant [sic] with his testimony in this case, that he did not recognize but one person, James Brice, at the time of this alleged robbery.

III.

"The presentation of this evidence is vital to the defense and is necessary to the due administration of justice for the following reasons, to wit: It establishes an alibi for the Defendant herein and it serves an [sic] impeachment testimony for one of the State's witnesses."

She stated that she did not really know appellant but recognized him because she had seen him before, and that she had not connected him with the robbery at first. She also testified that she told defense counsel about seeing appellant when he called to ask her about an acquaintance of hers who had testified at the trial, and she agreed to testify. She said counsel told her to be at court around 9:00 but that she had been delayed.

Article 36.02, V.A.C.C.P., states:

"The court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice."

This Court has long held that the decision to reopen a case is left to the sound discretion of the trial judge. *Perry v. State*, Tex.Cr.App., 464 S.W.2d 660; *Davis v. State*, Tex.Cr.App., 463 S.W.2d 434. However, this discretion is not unlimited. In *Vital v. State*, 523 S.W.2d 662, this Court held it error to refuse to reopen a case under the provisions of Art. 36.02 when the witness for which the reopening was sought was present and ready to testify. Quoting from *Kepley v. State*, Tex.Cr.App., 391 S.W.2d 423, 425, which cited *Meeks v. State*, 135 Tex.Cr.R. 170, 117 S.W.2d 454, we said:

"[I]t was not within the discretion of the Court to exclude the testimony of witnesses present before the Court read his charge to the jury and prior to the time the argument began."

It is important in all these cases, *Vital*, *Kepley*, and *Meeks*, that there was no showing that taking the additional testimony would have resulted in any continuance or impediment to the trial or interfered with the orderly administration of justice. In *Wilkinson v. State*, Tex.Cr.App., 423 S.W.2d 311, defense counsel wished to reopen after both sides had closed to allow defendant's mother to testify to rebut a psychiatrist's testimony on defendant's insanity. We upheld the trial judge's refusal as within his discretion because the psychiatrist had been excused and an indefinite delay would have been necessary to secure his attendance. In the present case the witness was present before the completion of argument so that no delay would have resulted had she been allowed to testify.

The trial court must allow additional testimony *only* "if it appears that it is necessary to a due administration of justice." Art. 36.02, supra. In the instant case the trial judge had before him, in appellant's motion to reopen, the matter which appellant proposed to offer upon reopening and was able to consider its merits. He evidently made the determination that its introduction was "necessary to a due administration of justice" as he granted the motion—and this initial decision was correct. While the witness' alibi testimony may not have withstood the test of cross-examination and close scrutiny, the jury should have been allowed to evaluate it. This closely parallels the situation in *Vital*, where the testimony offered also had to do with an alibi. Appellant's witness arrived a little late but was still present before "the argument of the cause [was] concluded." To refuse to reopen under these circumstances is error.

The state argues that, as this was alibi testimony, it cannot be newly discovered and that the trial court's ruling was not, therefore, error. But decisions to allow reopening do not hinge upon the evidence being newly discovered. As we said in *Vital*:

"The important factor with respect to diligence, when leave to reopen is sought under Article 36.02, supra, is not whether the evidence was available or could have been secured at an earlier stage of the trial, but rather, whether it is available at the time the request to reopen is made."

This is further demonstrated by *Holcombe v. State*, Tex.Cr.App., 523 S.W.2d 661, where the defendant in a burglary case stated in his brief that he had moved for an instructed verdict because the state had failed to prove lack of consent since the owner of the burglarized house had not taken the stand. The court granted a three day "continuance" for both parties to prepare briefs on the issue. The state showed up at the end of three days without a brief

but with the owner in question. The trial court permitted the state to reopen and present further testimony which removed the legal issue. The record was incomplete, but we held that even if all defendant's facts were true as asserted, the trial court's action was proper under Art. 36.02. In that case the evidence could not have been newly discovered as the owner the state brought forth was the owner alleged in the indictment.

We re-emphasize that the witness here was timely presented in court and ready to testify before the argument of the case was concluded, that appellant's motion to reopen stated specifically what testimony the witness was expected to give and the importance it carried, and that counsel does not appear to have used Art. 36.02, V.A.C.C.P., as a device to sandbag the court or to frustrate the due administration of justice. On the facts of this case and the precedents discussed above we sustain the ground of error. This holding, however, should not be taken as an invitation to hold back a witness until after both sides have closed and then whisk the witness in at the last moment with a motion to reopen with the expectation of sandbagging the trial judge. As was stated in *Vital,* supra:

> ". . . if the evidence was admissible and offered before the reading of the charge and prior to arguments, unless it appears its introduction would have impeded the trial or interfered with the due and orderly administration of justice, it will be reversible error to refuse the request to reopen for its receipt."

If the request is first made after the jury charge is read, a more serious question of interference with the due and orderly administration of justice would be raised than is presented in the situation in *Vital.* Such an interference with the administration of justice does not appear to have been the case here.

The judgment is reversed and the cause remanded.

DOUGLAS, Judge, dissenting.

The majority holds that although the decision to reopen a case is in the sound discretion of the trial court, it is an abuse of discretion to refuse to reopen under Article 36.02, V.A.C.C.P., whenever a motion is made and the witness is present regardless of the circumstances surrounding the court's decision.

In the instant case the court adjourned at 4:10 p. m. on November 10, 1975, both sides having closed. The following morning appellant filed a written motion to reopen which stated that an alibi witness had surfaced and that she would be used both to establish appellant's alibi and to impeach an identification witness for the State. The court was reconvened at 9:00 a. m. the next morning, the jurors were present and the motion was granted at 9:07. The witness, Barbara Smith, was called but was not present in the courtroom. The bailiff then called her from the courthouse steps and received no answer. At 9:10 a. m. the court noted the witness' absence and proceeded to read the charge to the jury. After the charge was read, defense counsel reurged the motion because the witness had arrived. The court overruled it because the charge had been read.

At the hearing on appellant's motion for new trial it was developed that defense counsel was aware prior to trial that Smith was a potential impeachment witness. He had also spoken briefly with her at noon on the day of the trial, informed her that the trial was in progress but claimed that he was not aware that she was an alibi witness until he called her on the evening of November 10 to thank her for her cooperation. Smith then testified that during the noon conversation with defense counsel she had told him that she knew the State's identification witness and appellant but that she waited until that evening to inform him of her alibi knowledge. She also stated, however, that defense counsel had asked her to come to the courthouse "around nine" but that she was not subpoenaed nor informed that she was to testify. Smith never explained the cause for her delay. The substance of her testimony was that appellant had been with her on the night of the robbery.

The majority opinion pays lip service to the rule that the decision to reopen is in the discretion of the trial judge, and then holds that the judge *must* reopen even after the charge has been read so long as the witness is present and ready to testify. This is a contradiction of terms. The majority cites *Vital v. State*, 523 S.W.2d 662 (Tex.Cr.App. 1975); *Kepley v. State*, 391 S.W.2d 423 (Tex.Cr.App.1965), and *Meeks v. State*, 135 Tex.Cr.R. 170, 117 S.W.2d 454 (1938), as authority for this proposition. In all those cases the witness who was to testify was present before the court read its charge to the jury. There was no showing in those cases that the defendant was attempting to impede the trial or interfere with the orderly administration of justice.

In the instant case, defense counsel claims he was not aware of appellant's alibi and witness Smith until after the close of the case in chief. The record shows, however, that defense counsel was aware of Smith's possible impeachment testimony prior to the trial and failed to subpoena her or even interview her. When her alibi testimony was finally brought to his attention, defense counsel further compounded the problem by merely asking her to come to the courthouse "around" 9:00 a. m. while knowing that court convened at exactly 9:00 a. m. and that his motion to reopen would be taken up first.

Since appellant must have known prior to trial where he was, what he was doing and who he was with on the night of the robbery, he was duty bound to communicate this to his attorney which he apparently never did. This alone has been held sufficient to be grounds to deny a motion for new trial. See *Mitchell v. State*, 494 S.W.2d 865 (Tex.Cr.App.1973); *Hilton v. State*, 443 S.W.2d 843 (Tex.Cr.App.1969).

In its final paragraph the majority states that "if the request is first made after the jury charge is read, a more serious question of interference with the due and orderly administration of justice would be raised than is presented in the situation in *Vital*." This, however, is the precise situation here. Although the motion was initially made and granted prior to the reading of the charge, the witness was not present in a courtroom, a situation created by defense counsel's vague and misleading instructions to the witness and appellant's failure to inform his attorney of the alleged alibi. The effect was that the witness was not present and ready to testify before the charge was read. The introduction of the testimony after the charge is read would have necessitated a new charge concerning alibi. Apparently this was an attempt to sandbag the court and interfere with the due and orderly administration of justice. The facts of this case are distinguishable from those cited in the majority opinion, and in light of these facts, the trial court did not abuse its discretion in denying appellant's motion to reopen. See *Hammett v. State*, 578 S.W.2d 699 (Tex.Cr.App.1979).

No reversible error having been shown, the judgment should be affirmed.

Before the court en banc.

## OPINION ON STATE'S MOTION FOR REHEARING

W. C. DAVIS, Judge.

On original submission of this case, the judgment was reversed and the case was remanded to the trial court. Now on State's Motion for Rehearing, the State urges that this Court erred in finding that the trial court abused its discretion when it refused to grant appellant's Motion to reopen. The State takes issue with the statement in the panel opinion that, "In the present case the witness was present before the completion of argument so that no delay would have resulted had she been allowed to testify." The State maintains that this statement is a conclusion not supported in the record, and further maintains that a delay would have resulted, in that (1) the charge would have had to have been revised to include an instruction on "alibi," (2) the State would have had to have located the other persons that the appellant's witness stated were present at the time, and (3) the State would have had to have brought in witnesses to testify to the defense witness-

es' bad reputation for truth and veracity. While we agree that there was no evidence to indicate that a delay would not have resulted if the Motion had been granted, neither was there any evidence in the record to show that the introduction of the evidence would have impeded the trial or interfered with the due and orderly administration of justice.

We find, upon reconsideration of the case, that the original opinion was correctly decided. However, we would emphasize that our determination that the trial court abused its discretion does not turn so much on the timing of the motion, i. e., whether or not the charge had been read to the jury, but on the substance of the evidence that was excluded. In *Meeks v. State*, 135 Tex. Cr.R. 170, 117 S.W.2d 454 (1938), testimony was excluded which pertained to the issue of self-defense. The Court found that this evidence was not cumulative and held, in view of the fact that the issue was closely contested, that "it cannot be said that the excluded testimony would not probably have turned the scales in appellant's favor." Cf. *Wilkinson v. State*, 423 S.W.2d 311 (Tex. Cr.App.1968) (held not an abuse of discretion to refuse to re-open after close of evidence to permit defense witness to impeach another witness) and *Walker v. State*, 91 Tex.Cr.R. 507, 240 S.W. 538 (1922) (trial court did not err in refusing to re-open for defendant's impeachment testimony).

As was stated in *Meeks v. State*, supra, quoting *Stone v. State*, 91 Tex.Cr.R. 313, 239 S.W. 209 (1922):

"It is within the discretion of the trial court to refuse to hear testimony proffered *after the beginning of the argument*, and only when the discretion is clearly abused will the action be reviewed * * *. Concerning the testimony *offered before the argument begins*, the discretion of the court is not so broad . . . In fact, under the latter circumstances if the proffered evidence is *material and bears directly upon the main issues in the case*, it would not be within the discretion of the court to exclude it unless it was offered under conditions which would impede the progress of the trial or in some way interfere with the due and orderly administration of justice." (Emphasis added)

Inasmuch as there is no showing that the trial proceedings would have been interfered with in a manner which would impede the progress of the trial or interfere with the due and orderly administration of justice, we find that the trial court abused its discretion in excluding the "alibi" testimony.

The State's Motion for Rehearing is denied.

DOUGLAS, J., dissents.