v.

The STATE of Texas, Appellee.

No. 05–85–00632–CR.

Court of Appeals of Texas, Dallas.

Oct. 7, 1986.

William J. Kleinhauf, William V. Dorsaneo, John D. Byers, Dallas, for appellant.

Mary Jo Kain, Asst. Dist. Atty., Dallas, for appellee.

Before STEPHENS, STEWART and GUILLOT [1], JJ.

STEPHENS, Justice.

On motion of appellant the former opinion of this court is withdrawn and this one is substituted without changing our judgment.

Appellant was convicted for driving-while-intoxicated, sentenced, and the sentence probated. The conviction is reversed and the cause is remanded for trial.

At trial, after both sides had rested and closed, a hearing was held outside the presence of the jury. At the hearing, appellant asked the prosecutor if, before trial, he had asked a deputy sheriff if she had smelled alcohol on appellant's breath on the night in question. The prosecutor testified that he had made the inquiry and that the deputy replied that she had not. On cross-examination, the prosecutor testified that the deputy told him that she was unable to smell anything due to allergies. Appellant then moved the court to reopen the case and permit the testimony of the deputy. The motion was denied.

■ In his first ground of error, appellant contends that the court erred in denying him the right to reopen testimony in violation of TEX.CODE CRIM.PROC.ANN. art. 36.02 (Vernon 1981). The article provides:

> The court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice.

While it is in the court's discretion to re-open, this discretion is not unlimited. The court must re-open the case when the following conditions are met:

1. the witness is present and ready to testify;

2. the request to re-open has been made before the charge was read to the jury and final arguments were made; and

3. the judge has some indication of what the testimony would be, and is satisfied that the testimony is material and bears directly on the main issues in the case.

*See, Thomas v. State,* 681 S.W.d 111, 113 (Tex.App. [14th Dist.] Houston 1984, pet. ref'd). There is no question that the conditions were met in the instant case. The fact that the deputy sheriff's testimony might not have withstood cross-examination and close scrutiny does not preclude the jury from hearing it. *See, Scott v. State,* 597 S.W.2d 755, 757 (Tex.Crim.App. 1980). We sustain appellant's first ground of error.

■ In his second ground of error, appellant contends that the court erred in denying him the right to perfect a bill of exceptions, as guaranteed by TEX.CODE CRIM. PROC.ANN. art. 40.09 subd. 6(d)(1) (Vernon Supp.1986). Appellant attempted to put on testimony of the chief toxicologist at the County Medical Examiner's Office to show the physical and behavioral effect of alcohol and cocaine on an individual. The court not only denied appellant the right to offer the testimony, but also denied him the right to make a bill of exceptions or an offer of proof. In fact, the court required

---

1. Justice Guillot, the original author of the opinion, having retired from the court, did not participate in this opinion.

appellant to retain his own court reporter and perfect his bill "on his own time."

By not allowing appellant to perfect a bill, or an offer of proof, the court has prevented him from presenting evidence for review. *Cf., Toler v. State*, 546 S.W.2d 290, 295 (Tex.Crim.App.1977). Such action cannot be condoned as it prevents appellant from receiving a fair trial. Appellant's second ground of error is sustained.

The judgment of the trial court is reversed and the cause is remanded for a new trial.