

NUMBER 13-08-00074-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

KRISTY KAY REAVES,                                                    **Appellant,**

**v.**

THE STATE OF TEXAS,                                                 **Appellee.**

On appeal from the 156th District Court of Live Oak County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela**
**Memorandum Opinion by Justice Garza**

Appellant, Kristy Kay Reaves, was convicted on two counts of assault against a public servant and was sentenced to four years' imprisonment. *See* TEX. PENAL CODE ANN. § 22.01(b)(1) (Vernon Supp. 2007). Reaves now appeals, contending that the trial court erred by: (1) permitting the State to recall its primary witness to testify in its case-in-chief; and (2) admitting hearsay testimony. We affirm.

## I. BACKGROUND

On the evening of March 23, 2007, Deputy Brad Whitworth of the Live Oak County Sheriff's Department was dispatched to 1009 Fannin Street in George West, Texas, to

respond to a call reporting that Reaves was drunk, belligerent, and had assaulted her mother. Upon arriving at the scene, Deputy Whitworth was met by David Smith, Reaves's neighbor. Smith identified Reaves, who was talking on the telephone in her front yard. Deputy Whitworth walked over to Reaves, who was visibly upset, and asked her twice to come into the house so that they could talk, but Reaves refused both times. Deputy Whitworth reached out and put his left hand on Reaves's right shoulder to escort her into the house. At that point, Reaves turned and swung her left arm around, striking Deputy Whitworth's left arm. Deputy Whitworth then forced Reaves to the ground, handcuffed her, and placed her in the rear seat of his patrol unit.

Deputy Whitworth then began to walk toward Reaves's mother when he heard a noise coming from his patrol unit. Reaves had removed her right hand from her handcuffs and was waving her hands in the air. Deputy Whitworth returned to the vehicle and again handcuffed Reaves. When Deputy Whitworth returned to talk with Reaves's mother, he heard another noise, and discovered that Reaves had once again removed her right hand from the handcuffs. Deputy Whitworth again returned to the vehicle, opened the rear passenger door, and attempted to grab Reaves's arm in order to replace the handcuffs a second time. As he leaned into the rear passenger compartment of the vehicle, Reaves kicked Deputy Whitworth in the right shoulder. When he turned away, Reaves kicked him again, this time making contact with his face and right shoulder. Deputy Whitworth then crawled into the car and attempted to secure Reaves, at which point Reaves bit his right hand.

On July 12, 2007, Reaves was charged by indictment with two counts of assaulting a public servant, each a third-degree felony. *See id.* § 22.01(b) (Vernon Supp. 2007), (b)(1). Trial commenced on January 14, 2008; the jury found Reaves guilty on both counts on January 15, 2008. The court sentenced Reaves to four years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Reaves filed her notice

of appeal on January 18, 2008.

## II. Discussion

### A.      State's Recall of Deputy Whitworth

By her first issue, Reaves claims that the trial court erred in permitting the State to "bolster" Deputy Whitworth's testimony by recalling him to the witness stand after he had concluded his initial testimony.[1]  In response, the State contends that:  (1) Reaves waived this issue by failing to object on these grounds at trial; and (2) the rules of evidence do not prohibit a party from "bolstering" the testimony of a witness.

In order to preserve an issue for appellate review, the appellant must make a timely and specific objection in the trial court.  Tex. R. App. P. 33.1(a).  When the State recalled Deputy Whitworth at the conclusion of its case-in-chief, the following exchange occurred:

| [State's attorney]: | Your Honor, State recalls Deputy Brad Whitworth. |
|---|---|
| [Reaves's attorney]: | Your Honor, I'm going to object to that.  I don't – he's had his chance and I've not been – there's no rebuttal.  I haven't put on any evidence.  There's absolutely no reason for him to be recalled and that's – she [State's attorney] asked to keep him for the purpose of rebuttal and now she's asking to have a second bite at the apple and this is – |
| THE COURT: | Overruled. |

The State contends that Reaves waived this issue because her trial counsel did not specifically state in his objection that Deputy Whitworth's additional testimony would constitute impermissible "bolstering."  We disagree.  All that is required to preserve an appellate complaint is that counsel "state[] the grounds for the ruling that the complaining party [seeks] from the trial court with sufficient specificity to make the trial court aware of

---

[1] The State actually called Deputy Whitworth to the witness stand three times.  After his initial testimony, Deputy Whitworth was recalled to briefly testify as to Reaves's middle name.  The State then recalled Deputy Whitworth a second time at the conclusion of its case-in-chief.  It is this second recall of Deputy Whitworth to which Reaves's trial counsel objected and which she now challenges.

the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A). Here, Reaves's counsel made clear that he objected to the State having a "second bite at the apple"; this was sufficient to make the trial court aware of the grounds of his objection. We conclude that Reaves has preserved this issue for our review. *See Weems v. State*, 167 S.W.3d 350, 355 (Tex. App.–Houston [14th Dist.] 2005, pet. ref'd).

Nevertheless, we find the issue to be meritless. Under caselaw predating the adoption of the Texas Rules of Criminal Evidence, it was held that "'[b]olstering' occurs when one piece of evidence is improperly used by a party to add credence or weight to some earlier unimpeached piece of evidence offered by the same party." *Montoya v. State*, 43 S.W.3d 568, 573 (Tex. App.–Waco 2001, no pet.) (citing *Guerra v. State*, 771 S.W.2d 453, 474 (Tex. Crim. App. 1988)).[2] However, the only "bolstering" rules surviving the adoption of the Texas Rules of Criminal Evidence (now the Texas Rules of Evidence) are rule 608(a), regarding opinion and reputation evidence of character, and rule 613(c), regarding prior consistent statements of witnesses.[3] *Montoya*, 43 S.W.3d at 573; *Cohn v. State*, 849 S.W.2d 817, 819 (Tex. Crim. App. 1993); *see* TEX. R. EVID. 608(a), 613(c).

---

[2] The Texas Court of Criminal Appeals has also described "bolstering" as:

[A]ny evidence the *sole* purpose of which is to convince the factfinder that a particular witness or source of evidence is worthy of credit, without substantively contributing to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.

*Cohn v. State*, 849 S.W.2d 817, 819 (Tex. Crim. App. 1993) (internal quotations omitted).

[3] Texas Rule of Evidence 608(a) provides that:

The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations:

    (1)    the evidence may refer only to character for truthfulness or untruthfulness; and

    (2)    evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.

TEX. R. EVID. 608(a). Rule 613(c) provides that "[a] prior statement of a witness which is consistent with the testimony of the witness is inadmissible except as provided in Rule 801(e)(1)(B) [regarding testimony offered to rebut a charge of recent fabrication or improper influence or motive]." TEX. R. EVID. 613(c).

4

Neither of these rules were invoked by Reaves in the trial court, nor was the substance of those rules raised as an objection to Deputy Whitworth's testimony in the trial court or in this Court.[4] We conclude that the trial court did not err in permitting the State to recall Deputy Whitworth.

Reaves also argues that the recall testimony of Deputy Whitworth violated article 36.02 of the Texas Code of Criminal Procedure because it was not "necessary to a due administration of justice." *See* TEX. CODE. CRIM. PROC. ANN. art. 36.02 (Vernon 2007) ("The court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice."). However, this article has generally been applied only in those cases where a party has moved to reopen the evidence after resting or closing at trial. *Love v. State*, 861 S.W.2d 899, 903 n.4 (Tex. Crim. App. 1993) (citing *Rogers v. State*, 774 S.W.2d 247, 263 (Tex. Crim. App. 1989); *Scott v. State*, 597 S.W.2d 755 (Tex. Crim. App. [Panel Op.] 1979)). Moreover, as Reaves correctly notes, the application of this article is necessarily limited by the rules of evidence. *Id.* In light of our conclusion above that Deputy Whitworth's recall testimony did not violate those rules, we further conclude that there was no violation of article 36.02 of the code of criminal procedure. Reaves's first issue is overruled.

## B.    Hearsay Testimony

By her second issue, Reaves contends that the trial court erred by allowing testimony by Deputy Whitworth that Reaves contends was inadmissible hearsay. The challenged testimony is as follows:

> Q. [State's attorney]     At this point in which you were placing Ms. Reaves into your patrol unit, why were you doing that? For what purpose?

---

[4] We note also that Deputy Whitworth's testimony did not merely duplicate his prior testimony. In fact, the State posed a new question to him, asking whether Reaves appeared to be intoxicated when he arrived at the scene. Deputy Whitworth responded: "I did not smell any alcohol. I don't know. She was very emotional; I know that. Very upset."

| A. [Deputy Whitworth] | Because she was erratic and she'd already struck my arm and I didn't know if she was a suspect as there was a gentleman telling me she was or if she was a victim. I had no idea. But she was becoming violent, so I had to – |
|---|---|
| [Reaves's attorney]: | I'm going to object to hearsay as well as the comment; ask that it be struck, Your Honor. |
| THE COURT: | Overruled. |

We review a trial court's decision regarding the admissibility of evidence under an abuse of discretion standard. *Cameron v. State*, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007) (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991)). Because trial courts are in the best position to decide questions of admissibility, appellate courts uphold a trial court's admissibility decision when that decision is within the zone of reasonable disagreement. *Id.* An appellate court may not reverse a trial court's decision regarding the admissibility of evidence solely because the appellate court disagrees with the decision. *Id.*

Hearsay "is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Tex. R. Evid. 801(d). It is not admissible except as provided by statute or rules. Tex. R. Evid. 802. Here, Deputy Whitworth testified as to the reasons he placed Reaves in his patrol unit. One of the reasons, he explained, was that he did not know whether Reaves was a suspect with respect to the incident for which he was dispatched to the scene. He mentioned that David Smith was "telling me she was" a suspect.[5] However, this statement was not offered to prove the matter asserted—that Reaves was a suspect in the assault of her mother. Rather, it was offered to establish why Deputy Whitworth placed Reaves in his patrol unit. Therefore, the statement was not hearsay. *See Ellis v. State*, 99 S.W.3d

---

[5] We note Deputy Whitworth's earlier testimony that, when he arrived on the scene, he saw Smith "waving and pointing at another individual," who happened to be Reaves. This testimony was elicited without objection by Reaves's trial counsel.

783, 788 (Tex. App.–Houston [1st Dist.] 2003, pet. ref'd) (testimony of arresting officer as to an out-of-court statement that defendant's car "had been possibly involved in a robbery three days earlier" was not hearsay; rather, it was offered to show probable cause for the detention of the defendant for traffic violations).

We conclude that the trial court did not abuse its discretion by admitting the challenged testimony.[6] *See Cameron*, 241 S.W.3d at 19. Accordingly, Reaves's second issue is overruled.

## III. CONCLUSION

Having overruled Reaves's two issues, we affirm the judgment of the trial court.

Reaves's appellate attorney has asked permission to withdraw as counsel. We grant the motion to withdraw, and we order counsel to notify Reaves of the disposition of this appeal and the availability of discretionary review. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam).

DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 28th day of August, 2008.

---

[6] Reaves also contends that the trial court's admission of this testimony was a violation of her Sixth Amendment right to confrontation. *See* U.S. CONST. amend. VI. However, it is well established that an objection on hearsay grounds does not preserve error on Confrontation Clause grounds. *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005) (citing *Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004)). Because Reaves's trial counsel failed to raise this specific objection with the trial court, she has not preserved this complaint for appellate review. *See* TEX. R. APP. P. 33.1(a)(1)(A).