### P. H. Nolen v. The State.

#### No. 2870. Decided December 17, 1913.

#### Rehearing denied January 14, 1914.

**1.—Carrying Pistol—Transcript—File Marks.**

Where, upon motion for rehearing, it was shown that the clerk had inadvertently omitted to place his file marks on the transcript, the same will be considered.

**2.—Same—Sufficiency of the Evidence—Intent—Peaceful Mission.**

Where, upon trial of unlawfully carrying a pistol, a jury was waived and the judge tried the case, who found from the evidence that defendant was not on a peaceful mission when he was found with a pistol, which conclusion was supported by the testimony, there was no error.

Appeal from the County Court of Hardin. Tried below before the Hon. W. W. Dies.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Singleton & Nall,* for appellant.—On question of place of business and innocent intention: Mathonican v. State, 51 Texas Crim. Rep., 471, 102 S. W. Rep., 1123; Campbell v. State, 11 S. W. Rep., 832; Sanderson v. State, 50 S. W. Rep., 348; Ross v. State, 28 S. W. Rep., 199; Ball v. State, 25 S. W. Rep., 627.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of the offense of unlawfully carrying a pistol.

The statement of facts which accompanies the record bears no file marks, and does not show when it was filed in the trial court, and under such circumstances we are not authorized to consider it. Yet, we have read it and we feel constrained to say that the trial court was fully authorized to adjudge appellant guilty of the offense charged. A jury was waived and the issue submitted to the court, and if we considered the statement of facts it would authorize the court to arrive at the conclusion at which he did arrive—that appellant was guilty of the offense charged.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

#### January 14, 1914.

HARPER, JUDGE.—On a former day this case was affirmed, the statement of facts having no file marks thereon. A motion for rehearing has been filed, accompanied by a certificate of the clerk that it was by mistake that the file marks were left off. That he erroneously omitted the file marks from the transcript, consequently appellant is entitled to have the statement of facts considered.

There is but one assignment of error in the motion for new trial—the insufficiency of the testimony—stated in several different ways. That appellant had the pistol on the date alleged is shown by all the testimony. His contention is that as he owned a general store in one part of the town and a saloon in another part of the town, hearing that there was. a row near his saloon he had a right to carry a pistol from his general store to his saloon. If the testimony suggested that he was merely going from the store to the saloon, there might be strength in his contention. But the evidence discloses that when he heard that a fight or row was on between some men near his saloon, his son-in-law went to quell the disturbance. That his son-in-law got into a fight and then it was he appeared, not at his saloon, but at the point where the men were who had engaged in the row, pulled a pistol and said: "You d—d s— of a b—h, get away from here," and his pistol had to be forcibly taken away from him. The case was tried before the county judge without a jury and he would be authorized to find from the testimony that appellant was on no peaceful mission; was not on his way from the store to the saloon, but was on mischief bent if his pistol had not been taken away from him.

The motion for rehearing is overruled.

*Overruled.*