ABE YOUNG v. THE STATE.

No. 5657.   Decided February 11, 1920.

1.—Aggravated Assault—Transcript—Practice on Appeal.

As the record was originally presented, it was defective in many respects which were later remedied and the case heard upon its merits, the court will observe, however, that many records come to this court in an

incomplete condition, and this court is forced on that account to dismiss the appeal or to make orders to perfect the record, and the officers of the lower court and attorneys are urged to observe the rules in regard to transcripts so that they may come to this court in proper condition.

### 2.—Same—Bills of Exception—Practice on Appeal.

Where it appeared from the record that the objections to questions asked by State's counsel on the trial were sustained there was no error apparent.

### 3.—Same—Newly Discovered Evidence—Motion for New Trial.

A motion for new trial upon the ground of newly discovered evidence must be sworn to either by defendant or his counsel, and where this did not appear the same cannot be considered. Following: Barber v. State, 35 Texas Crim. Rep., 70, and other cases.

### 4.—Same—Injury—Insufficiency of the Evidence.

Where, upon trial of aggravated assault alleging serious bodily injury, the allegation was not supported by the evidence, the conviction cannot be sustained.

Appeal from the County Court of Harrison. Tried below before the Hon. W. H. Strength, judge.

Appeal from a conviction of aggravated assault; penalty, a fine of one hundred dollars and twelve months confinement in the county jail.

The opinion states the case.

*Hall, Brown & Hall,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—In this case, appellant was convicted in the County Court of Harrison County, Texas, of an aggravated assault on one Bob White, and his punishment fixed at a fine of $100 and twelve months in the county jail.

As the record was originally presented here, the same contained neither recognizance, nor a showing that the appellant was in custody, nor a copy of the complaint on which the information was based; nor a copy of the final judgment; and it appears that the statement of facts does not bear any file mark of the clerk of the trial court.

Our Assistant Attorney General properly made a motion to dismiss this appeal, but the above defects have mainly been remedied. With reference to the failure of the clerk of the County Court to file said statement of facts, we observe that the same was sent to this court with the remainder of the papers in the case, and was filed here within ninety days after the adjournment of the trial court. By deduction, we conclude that the said statement of facts

must have been delivered into the possession of the clerk of the trial court within the time allowed by law, and we will, of course, hold that such delivery was a sufficient filing. We wish, however, to say that it is very much to be regretted that many records come to this court often in almost similar condition, and we are reluctantly forced to dismiss appeals, or to make orders to have records perfected. When one is convicted and brings his case here on appeal, great care should be exercised in its preparation, to see that such right be not lost, or its exercise delayed by omission or carelessness of the officers charged with the duty of such preparation. We commend to these officers the well known rules in regard to transcripts; and we urge the attorneys of parties appealing cases, to examine all records before they are filed here, or before they leave the trial court. This Court, mindful of the effect of its rulings on life and liberty, exercises great latitude toward appellants in matters merely technical, in bringing cases before us, but our indulgence should not be abused, for we cannot disregard matters which are plainly statutory and go to the very foundation of the appeal or the jurisdiction of the trial court.

There are two bills of exception in this record, and both are to questions asked by State's counsel on the trial, which objections were, in each instance, sustained; but nothing appears in the bills which would indicate any error.

Appellant made a motion for a new trial, upon the ground, among others, of newly discovered evidence. Such a motion must be sworn to either by appellant or his counsel. Barber v. State, 35 Texas Crim. Rep., 70; Williams v. State, 7 Texas Crim. App., 173; Arias v. State, 76 Texas Crim. Rep., 257, 174 S. W. Rep., 340. In the instant case, the motion is signed by appellant, and also by his counsel, after which signatures appears the following:

"The State of Texas.
County of Harrison.

Before me the undersigned authority, on this day personally appeared Abe Young, Jr., defendant in the above cause and says that the matters and things set forth in the above motion are true and correct.

Given under my hand and seal of office this the 30th day of August, A. D. 1919.

William F. Young, Notary Public, in and for Harrison County, Texas."
(L.S.)

It nowhere appears from the statement of said officer, or anywhere in said motion, that appellant was sworn, or affirmed, or made such statement under any character of oath or affirmation, such as is required by law. See Gordon v. State, 29 Texas Crim. App., 410; Branch's Ann. Penal Code, Sec. 193.

Appellant complains in his motion for new trial that the evidence does not support the verdict. When there are mere conflicts in the evidence, it is the policy and duty of this court not to disturb the finding of the jury. The complaint charges aggravated assault, the ground of aggravation being that serious bodily injury was inflicted. This record is wholly destitute of evidence that any such injury resulted from the alleged assault. The prosecuting witness testified that appellant "whipped him" with a stick, and made a scar on his wrist, and one on his forehead. This is not proof of serious bodily injury.

There were two witnesses for the State, who were present, according to their testimony, when the alleged difficulty occurred: the injured party White, and his brother-in-law Norris. Both testified as witnesses, and we have given what White stated regarding the injury, but Norris said nothing about any injury. A deputy sheriff saw White the day of the difficulty, or the next day, and said he saw scars on White's wrist and forehead. If a man be struck with a stick, it may make a sore or bruise that day or the next, but will not so soon make a scar. If White had scars on his wrist or forehead on the day of the trouble, it is evident that they must have been there before. There is not a word of testimony as to the depth of the wounds, if any, nor is there a hint in the evidence of what effect any blows inflicted by appellant may have had on White. Nothing appears to indicate that he was incapacited for work, or had the care of a physician or any one else; and no one testifies to seeing a bruise or wound of any kind upon him.

Upon another trial, it must appear that the allegation of serious bodily injury is supported by proof.

The judgment of the trial court is reversed, and the cause remanded.

*Reversed and remanded.*