### CLYDE MORTON HOOTS v. STATE

No. 33,476.   May 24, 1961

*Joe Chacon,* San Antonio, for appellant.

*Charles J. Lieck, Jr.,* Criminal District Attorney, by *Phil Chavarria, Jr.,* Assistant Criminal District Attorney, and *Leon Douglas,* State's Attorney, Austin, for the state.

McDONALD, Judge.

Driving while intoxicated upon a public highway is the offense, with punishment assessed at a fine of $50 and three days' confinement in jail.

Trial was to the court without the aid of a jury.

The record reflects that on March 11, 1960, appellant, while driving his automobile, was involved in an accident with another vehicle driven by G. E. Darland, whose wife and baby were the other occupants of the car.   The accident occurred in the 1400 block of the Harry Wurzbach Road in San Antonio, Bexar County, at about one o'clock, p.m.   The sun was shining at the time, and the weather was fairly warm.

D. J. Roberts, a policeman from the Terrell Hills Police Department, testified, as a witness for the state, that he was first to arrive at the scene of the accident; that he remained there for

about a half hour, during which time he observed appellant; and that he "staggered and backed up against the car" and, in his opinion, was intoxicated.

The state's witnesses G. E. Darland and his wife testified that they observed appellant after the accident and that it was their opinion that he was intoxicated.

Appellant took the stand in his own behalf and testified that he was not drunk; that he had had "three beers" on the occasion in question. When asked: "What factors do you consider, how do you determine when a person is or is not drunk?," appellant replied: "Well, I would consider it if he couldn't walk, drive or anything like that, that he had had too much."

Appellant adduced no testimony other than his own.

We find the evidence sufficient to support the trial court's verdict.

There are no formal bills of exception, nor are there any informal bills.

In his motion for new trial, appellant complains of the court's action is not granting him a continuance and in overruling his motion to hear the testimony of the witnesses for the state and then adjourn the trial of the case until the defense witnesses could be present in court. Finally, appellant complains that the evidence was not sufficient to support the verdict.

We have carefully examined the record, and find no merit in any of appellant's contention.

Appellant subpoenaed no witnesses.

Appellant did not comply with the terms of Art. 540, V.A.C. C.P., which provides for the continuance of criminal actions on the written application of the state or of the defendant upon sufficient cause shown, which cause shall be fully set forth in the application. Appellant's application was made orally.

This court in Lillard v. State, 166 Tex. Cr. Rep. 237, 312 S.W. 2d 517, held that when a motion for continuance was not sworn to personally by appellant, he could not complain of the action of the trial court in overruling the motion.

A motion for continuance is not a matter of right, and, like other motions, must depend upon surrounding circumstances of the case as well as upon other matters of diligence. Crimaldi v. State, 158 Tex. Cr. Rep. 600, 259 S.W. 2d 203.

Where appellant fails to apply for subpoenas for witnesses, the overruling of the motion for continuance to secure attendance of witnesses is not error. Barnes v. State, 159 Tex. Cr. Rep. 78, 261 S.W. 2d 597. See, also, Gonzales v. State, 161 Tex. Cr. Rep. 488, 278 S.W. 2d 167, wherein it was held that where subpoena for a witness had not been issued, the overruling of the motion for continuance was not error.

Finding no reversible error, the judgment of the trial court is affirmed.