**Manuel LUNA and Ramon Luna, Appellants,**

**v.**

**The STATE of Texas, Appellee.**

**No. 37195.**

Court of Criminal Appeals of Texas.

Nov. 18, 1964.

Rehearing Denied Jan. 6, 1965.

On Second Motion for Rehearing
Feb. 10, 1965.

Rehearing Denied March 24, 1965.

Daniel Sullivan, Andrews, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The appellants were convicted upon a joint trial for assault with intent to murder; and the punishment for each was assessed at seven years.

The statement of facts and an instrument which is referred to in appellant's brief as an appendix to the statement of facts are contained in the record, but they were not filed with the clerk of the trial court as required by Art. 759a, Sec. 4, Vernon's Ann.C.C.P. Therefore they cannot be considered. Salyer v. State, 166 Tex.Cr. R. 532, 316 S.W.2d 420.

No formal bills are contained in the record.

The judgment is affirmed.

Opinion approved by the Court.

On Appellants' Motion for Rehearing

MORRISON, Judge.

Subsequent to the rendition of our original opinion herein the clerk of the trial court executed a certificate in which she states that an instrument entitled Oral Discussion Concerning Motion for Continuance was actually filed by her, though it in fact bears no such file mark.

Under the decision of this Court such certificate cannot be considered as it comes too late. Selvidge v. State, 171 Tex.Cr.R. 140, 345 S.W.2d 523; Cunningham v. State, 172 Tex.Cr.R. 3, 353 S.W.2d 37; Hill v. State, Tex.Cr.App., 375 S.W.2d 306; and

Ex Parte Seffens, Tex.Cr.App., 376 S.W.2d 348.

Appellants' motion for rehearing is overruled.

WOODLEY, Judge (dissenting).

Appellants were jointly indicted and prosecuted. They requested a severance.

Art. 650 C.C.P. provides:

"Two or more defendants jointly prosecuted may sever in the trial upon the request of either."

The request for severance was made orally before the jury was selected. The trial court erred in refusing to grant the request.

Unlike Art. 651 C.C.P., the statute above quoted does not require a written motion or affidavit.

The majority refuse to consider the statement of facts which reflects the denial of appellants' rights to be separately tried because, though timely approved and filed in the trial court, the clerk failed to place a file mark on the instrument and did not certify to such filing until after this appeal had been submitted and the judgment affirmed. Such holding is in direct conflict with the holding in Nolen v. State, 72 Tex.Cr.R. 450, 162 S.W. 869.

The statement of facts was filed when it was delivered into the possession of the clerk of the trial court. Young v. State, 86 Tex.Cr.R. 621, 218 S.W. 754.

An official file mark on such an instrument is a mere memorandum that serves as evidence of the fact of filing. Ex parte Leifeste, 127 Tex.Cr.R. 445, 77 S.W.2d 675.

None of the cases cited in the majority opinion support its holding. Those pertinent relate to statements of facts or bills of exception approved or filed in the trial court after original submission of the appeal in this Court.

I respectfully dissent.

## ON APPELLANTS' SECOND MOTION FOR REHEARING

MORRISON, Judge.

In a forceful second motion for rehearing appellant has analysed the difference between Selvidge v. State, Cunningham v. State, Hill v. State, and Ex Parte Seffens, supra, and the case at bar. An examination of the records in such cases reveals that his analysis is correct because in each of such cases the instruments tendered for this Court's consideration were filed in the trial court after the rendition of an original opinion by this Court. We will now consider the tendered motion. An examination thereof reveals that counsel for both appellants made an oral request for severance, but filed no affidavit as is required by Article 651 Vernon's Ann.C.C.P., which request was by the trial court refused. We here note that appellants were both charged in the same indictment and the request of either of them falls within the terms of Article 650 V.A.C.C.P. The only case which we have been able to find which controls this exact situation is Ryan v. State, 64 Tex.Cr.R. 628, 142 S.W. 878. We quote therefrom as follows:

"The grand jury of Matagorda county indicted W. W. Lawrence and appellant jointly, charging them with murder. There was a severance, and appellant placed on trial first. Appellant, in his first bill of exceptions, complains that the court granted a severance when no affidavit had been filed, asking that a severance be granted. Article 706 of the Code of Criminal Procedure (now Article 650 V.A.C.C.P.) provides: 'When two or more defendants are jointly prosecuted they may sever in the trial upon the request of either.' The bill of exceptions shows that Lawrence requested a severance and the court did not err in granting it."

It therefore follows from the above that the court erred in overruling the appellants' request for severance and such error calls

for a reversal of this conviction. Ryan v. State, supra.

Appellants' second motion for rehearing is granted, the judgment of affirmance is set aside and the judgment is now reversed and the cause remanded.