Fred Franklin DAVIDSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 38870.

Court of Criminal Appeals of Texas.

Dec. 15, 1965.

Rehearing Denied Feb. 2, 1966.

William Lane, Jr., Marshall, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The offense is theft of property over the value of $50.00; the punishment, seven years confinement in the Texas Department of Corrections.

Appellant's confession was introduced, which recited that he went to the Lewis Motor Company and tried out an automobile, a 1962 Ford Galaxie. After the salesman left, appellant drove the car away and kept it several months. No one gave him permission to take the car.

Appellant testified that after being incarcerated, he tried to escape twice, but later became religious. He admitted stealing the car and making a statement, relating that he went to the District Attorney's office and wanted to give a statement. He had asked if Texas had an habitual criminal statute, and stated that he had been in penitentiaries three times, one of which was for automobile theft; that he robbed someone in 1953 and wrote some checks in California. He testified that he had a sign painted on the automobile and that he put fictitious license plates on the car.

Appellant contends that he did not have an attorney at the time he made the confession. There is no showing that he requested an attorney, and this case does not come under Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. See McDonald v. State, Tex.Cr.App., 395 S.W.2d 48, and the authorities therein cited.

Appellant also contends that the trial court erred in overruling his motion

for continuance because his court appointed attorneys did not have time to prepare for trial. The docket entry, which can be considered by this Court, because it was entered in the minutes of the trial court, recites that three attorneys were appointed on the 12th day of June, 1964, and that a plea of guilty before the jury was made January 25, 1965. Counsel were appointed over seven months prior to trial, and they were officially notified of their appointment over four months prior thereto.

The motion for continuance was not signed and sworn to by appellant and cannot be considered. Parsons v. State, 160 Tex.Cr.R. 387, 271 S.W.2d 643; Lillard v. State, 166 Tex.Cr.R. 237, 312 S.W.2d 517.

We find the evidence sufficient to sustain the verdict.

No reversible error appearing, the judgment is affirmed.