**William Ray PEMBERTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 41299.

Court of Criminal Appeals of Texas.

June 5, 1968.

Paul A. Knight, Odessa, for appellant.

Jack Tidwell, Dist. Atty., Bruce Bangert, Asst. Dist. Atty., Odessa, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The conviction is for felony theft; the punishment, two years.

■ The only ground of error is the refusal of the trial court to grant appellant's motion for new trial based on the absence of John Snyder, Jr., Joe Dolan, and Henry Riddle, three prospective witnesses.

These witnesses were present when the case was called for trial on Monday, September 18, 1967, but they had not then been and were never subpoenaed. After the selection of the jury, the case was recessed until Wednesday, September 20, for the reason that the state was not ready. When court re-convened at 11:20 a. m., on Wednesday, September 20, Snyder was not present due to an accident, but appellant testified on motion for new trial "that he (Snyder) could probably have made it." Dolan and Riddle were present Wednesday morning. It appears that appellant announced ready before noon Wednesday subject to Snyder's appearance by Thursday morning. The state then introduced its evidence. About 1:30 p. m., Wednesday, Dolan and Riddle told appellant's counsel they would no longer be available to testify and left and had not been seen since. The court recessed until Thursday morning. When court re-convened, appellant's witnesses were not present and the court overruled his oral motion for a continuance.

■ The motions made during the trial for continuance were not based on statutory but equitable grounds. The granting or refusal of appellant's oral motions for continuance based upon the absence of witnesses when no process had been requested or issued for their presence, rests in the discretion of the trial court. Hoots v. State, 171 Tex.Cr.R. 178, 346 S.W.2d 607; 1 Branch 2d 366, Sec. 333.

From a consideration of the record, it is concluded that the trial court did not abuse its discretion in overruling the motion for new trial.

The judgment is affirmed.