**Rosemary SERVANCE, alias Rosemary Williams, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41401.**

Court of Criminal Appeals of Texas.

July 24, 1968.

Jack Hampton, Dallas (Court appointed on appeal), for appellant.

Henry Wade, Dist. Atty., Tom Reese, Charles Caperton, Malcolm Dade, Camille Elliott and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

This is a companion case to that of Loftis v. State, 241 S.W.2d 704.

The motion for severance filed in appellant's behalf was identical with her co-defendant's motion except for the names being transposed. The motion did not comply with or require that severance be granted under Art. 36.09 C.C.P., 1965, which reads:

"Two or more defendants who are jointly or separately indicted or complained against for the same offense or an offense growing out of the same transaction may be, in the discretion of the court, tried jointly or separately as to one or more defendants; provided that in any event either defendant may testify for the other or on behalf of the State; and provided further, that in cases in which, upon timely motion to sever, and evidence introduced thereon, it is made known to the court that there is a previous admissible conviction against one defendant or that a joint trial would be prejudicial to any defendant for any

reason, the court shall order a severance as to the defendant whose joint trial would prejudice the other defendant or defendants."

Unlike her co-defendant, appellant was prejudiced by her joint trial in that evidence which was admissible against her co-defendant but not against her was introduced before the jury which assessed her punishment.

The record is not clear as to when, in reference to the plea to the indictment read to the jury and the overruling of the motion for severance, it was made known to the trial court that appellant would enter a plea of guilty.

Art. 26.01 C.C.P. provides that in all felony cases after indictment, and all misdemeanor cases punishable by imprisonment, there shall be an arraignment.

Art. 26.01 C.C.P. et seq. relate to arraignment and provide that the indictment shall be read and the defendant asked whether he is guilty or not guilty as therein charged, and if he pleads guilty or enters a plea of nolo contendere that he be admonished by the court of the consequences.

Art. 26.14 C.C.P. provides that where a defendant in a case of felony persists in pleading guilty (or nolo contendere) if the punishment is not absolutely fixed by law, a jury shall be impaneled to assess the punishment and evidence may be heard to enable them to decide thereupon.

Art. 44.24 C.C.P. provides that the Court of Criminal Appeals shall presume that the jury was properly impaneled and sworn and that the defendant was arraigned and pleaded to the indictment unless such matters were made an issue in the court below.

If appellant was arraigned and entered a plea of guilty before the jury was impaneled, she was entitled to have a jury impaneled pursuant to Art. 26.14, supra, to assess her punishment and to hear the evidence introduced to enable them to decide thereupon.

Her co-defendant, having pleaded not guilty, was entitled to have a jury impaneled pursuant to Art. 37.07 C.C.P. to pass upon the issue of guilt or innocence and hear the evidence introduced on such issue alone.

A different question is presented where both defendants upon arraignment plead not guilty and after the jury is impaneled and sworn pursuant to Art. 37.07, supra, and the indictment read, one of the co-defendants pleads guilty.

The prejudicial effect of having her punishment assessed by the jury impaneled to pass upon the issue of guilt or innocence of her co-indictee upon evidence admissible against him only, rather than by a jury impaneled to assess her punishment upon evidence admissible to enable the jury to decide thereupon, is apparent.

In the absence of any showing in the record that the plea of guilty was first made after the jury had been impaneled pursuant to Art. 37.07, supra, the failure of the court to afford appellant a separate trial on the issue of punishment before a jury impaneled pursuant to Art. 26.14, supra, requires reversal.

The judgment is reversed and the cause remanded.