**Edwin Lowell LOFTIS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41432.**

Court of Criminal Appeals of Texas.

July 24, 1968.

Rehearing Denied Nov. 27, 1968.

OPINION

WOODLEY, Presiding Judge.

The offense is unlawful possession of heroin; the punishment, 50 years.

The indictment alleged that appellant and Rosemary Servance, alias Rosemary Williams, acting together, did unlawfully possess a narcotic drug, to-wit, heroin.

Trial was before a jury. Both of the co-indictees were represented by the same counsel of their choice. Rosemary Servance pleaded guilty while appellant pleaded not guilty before the same jury.

The jury found appellant guilty and he elected to have the court assess the punishment. Rosemary Servance's punishment was assessed by the jury at 35 years. Her appeal is before us in Servance v. State of Texas, Tex.Cr.App., 433 S.W.2d 709, this day decided.

Appellant's counsel on appeal, appointed by the court following sentence and notice of appeal, presents the contention that appellant was denied the effective assistance of counsel at his trial.

This contention is predicated upon the overruling of appellant's motion for continuance in which it was alleged that his trial counsel had not had adequate time to properly prepare his defense; the overruling of his motion for severance; and the joint representation by the same counsel of appellant, who pleaded not guilty, and Rosemary Servance, who pleaded guilty.

Dan R. McCormack, Dallas, for appellant.

Henry Wade, Dist. Atty., Tom Reese, Charles Caperton, Malcolm Dade, Camille Elliott and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

The record on appeal reflects that the indictment was returned March 31, 1967. On April 17 it was noted on the docket that the case was to be reset. On May 2, 1967, it was set for trial on May 22, 1967. The case was called on that day and, according to the court's docket, both sides were ready for trial and the jury panel of 45 were examined.

On May 23, 12 jurors were selected and sworn and testimony was heard after appellant pleaded not guilty.

■ The motion for continuance was filed May 22, 1967. It was not sworn to as required by Art. 29.03 V.A.C.C.P. The court did not abuse his discretion in overruling the motion for continuance. Crenshaw v. State, Tex.Cr.App., 389 S.W.2d 676; Finch v. State, Tex.Cr.App., 399 S.W.2d 544; Davidson v. State, Tex.Cr.App., 399 S.W.2d 808.

■ The motion for severance overruled by the trial court did not comply with Art. 36.09 C.C.P., 1965, and the trial court did not err in overruling it.

The allegations in support of such motion for severance were:

"I.
"That during the trial of these cases, the distinct possibility exists that one of the defendants will testify while the other remains silent, and the necessity of the silence of the party who does not testify would be prejudicial to such party and a burden would be placed upon the defendant that would require him or her to testify, such requirement being condemned by various constitutions and laws of the State of Texas;

"II.
"That defendant Edwin Loftis was not arrested at the same time nor place and was not in sight of the said Rosemary Servance at the time of such arrest, and that the said defendants were not acting together as allegedly indicted."

The transcript of the evidence reflects that Rosemary Servance was the common law wife of appellant.

■ A search warrant was obtained for the search of the house of appellant. When the officers announced their arrival to execute the warrant they heard a scuffle inside and broke in. Rosemary, who was running toward the bathroom, was pursued and three capsules of heroin were found floating in the commode and were recovered.

While the officers were searching his house appellant arrived and, upon seeing the broken door, fled. He was pursued and, when overtaken, threw two match boxes to the ground. They were recovered by the pursuing officers and found to contain seven capsules of heroin.

Officer Voyles was asked and answered:

"Q. After you had seized the Defendant, saw him throw those items down, what happened?

"A. Well, the first thing he did when I caught him he said, 'I thought I could throw the stuff before you could catch me.'"

All of the evidence introduced by the state, including that which related to the heroin and paraphernalia found in appellant's home, was admissible against appellant.

Though he did not testify before the jury, he admitted in his testimony before the court on the punishment issue, that he was guilty of possession of heroin on March 6, 1967, the date alleged in the indictment, and had seven capsules on that day which cost him about $25.00.

He also testified that he was convicted for illegal possession of heroin and sentenced to three years on April 19, 1955, and was released from the penitentiary on January 17, 1957.

■ In view of the record we find no merit in appellant's contention that he was denied the effective assistance of counsel, or other constitutional rights.

Other grounds of error are without merit under the record.

The judgment is affirmed.

## DISSENTING OPINION

ONION, Judge.

I cannot in good conscience agree to the affirmance of this conviction. A matter of plain and simple fundamental unfairness is here involved. This appellant should not have been forced to trial on his plea of not guilty at the same time and before the same jury, who was required to find his co-defendant, with whom he was jointly indicted as acting together, guilty upon her plea of guilty and to assess her punishment while attempting to pass on the issue of appellant's guilt or innocence under a charge on principals. Cf. United States v. Wilcher (CA7) 332 F.2d 117.

While there was no request for the same, it is noted further that the court's charge failed to instruct the jury not to consider the co-defendant's plea of guilty in passing upon the issue of guilt or innocence of the appellant. Under the circumstances described, even a positive instruction in the court's charge probably would not have removed entirely the subtle prejudice that unavoidably resulted from the co-defendant Servance's plea of guilty.

It should be remembered that it is well established that a plea of guilty in a felony case before a jury admits the existence of all incriminating facts necessary to establish guilt. Miller v. State, Tex.Cr.App., 412 S.W.2d 650; Burks v. State, 145 Tex.Cr.R. 15, 165 S.W.2d 460; Richardson v. State, 164 Tex.Cr.R. 500, 300 S.W.2d 83. In other words, a defendant by his guilty plea before the jury confesses [1] the crime charged, and the subsequent introduction of testimony by the State is to enable the jury to intelligently exercise the discretion which the law vests in them touching the penalty to be assessed. See Article 26.14, V.A.C.C.P.[2]

The matter of the different pleas aside, these appellants, jointly indicted and prosecuted, would have been entitled under the former Code of Criminal Procedure to a severance merely upon their oral request. Article 650, V.A.C.C.P., 1925; Luna v. State, Tex.Cr.App., 387 S.W.2d 660.

The history of the legislative enactment of the 1965 Code of Criminal Procedure reveals that when Senate Bill 107 reached the floor of the House of Representatives, Article 36.09 was replaced by old Article 650, but was revitalized by the joint conference committee of the House and Senate.

The purpose of the enactment was to promote uniformity of punishment by virtue of joint trials, conserve state funds, diminish inconvenience to witnesses and public authorities and avoid delays in bringing those accused of crime to trial.

Joinders and severances in criminal trials often bring into conflict equally cherished objectives—the expeditious handling of criminal cases without excessive demands on prosecutorial and judicial resources and the protection of defendants from the risk of prejudicial and unfair treatment. To give each objective its due was undoubtedly the intent of the Texas Legislature in enacting Article 36.09, supra. Therefore, I do not read this statute as calling for a joint

---

1. Only recently in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (May 20, 1968), the United States Supreme Court reversed the conviction of Bruton as a result of the admission into evidence of his co-defendant's confession despite the jury instructions of the court to consider such confession against the co-defendant alone. In Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (June 11, 1968), the Supreme Court held that the decision in Bruton v. United States supra, was applicable to state proceedings and that the

decision which overruled Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278 was also to be applied retroactively.

2. While it did not occur in the case at bar, it would have been permissible in a trial conducted under the provisions of Article 26.14, supra, to have introduced the prior criminal record, if any, of the defendant pleading guilty. Rojas v. State, Tex.Cr.App., 404 S.W.2d 30; Article 37.07, V.A.C.C.P., as amended, 1967.

trial under the circumstances here presented.

Undoubtedly the motion for severance filed the day before the jury was sworn and impaneled was not in accordance with Article 36.09 and was properly overruled. Why the matter of the appellant's previous admissible conviction was not brought to the attention of the trial court in the motion for severance is not revealed, except as indicated in his unsworn motion for continuance that defense counsel was not prepared. When, however, the appellant Loftis and his co-defendant entered their different pleas at their arraignments prior to the impanelment of the jury, the law required different procedures to be followed, and it then became the duty of the court to sever and to afford this appellant that procedure and a fair determination of his guilt.

I, of course, share the majority's concern over a situation where both defendants upon arraignment plead not guilty and after the indictment is read to the impaneled jury and such pleas entered, one of the co-defendants changes his or her plea to guilty or nolo contendere. As I read the record, this did not occur in the case at bar.

The precise course to be followed by a trial court in such an event in order to cure the prejudice that may result from a co-defendant's guilty plea is not before us for determination. Cf. Hudson v. State of North Carolina, 363 U.S. 697, 80 S.Ct. 1314, 4 L.Ed.2d 1500 (A pre-Gideon case); United States ex rel. Huntt v. Russell, 285 F. Supp. 765 (U.S.D.C.E.Pa.) (5/23/68).

There is nothing to indicate that the co-defendant Servance ever entered any plea but that of guilty. I cannot agree with the majority's statement in Servance v. State of Texas, Tex.Cr.App., 433 S.W.2d 709, to the effect: "The record is not clear as to when, in reference to the plea to the indictment read to the jury and the overruling of the motion for severance, it was made known to the trial court that appellant would enter a plea of guilty."

The separate judgment entered against Rosemary Servance following the joint trial reads in part as follows:

"* * * and the State appeared by her Criminal District Attorney, and the Defendant Rosemary Servance @ Rosemary Williams appeared in person, his counsel also being present, and both parties announced ready for trial, and the said Defendant in open Court was duly arraigned and in person pleaded guilty to the charge contained in the indictment; thereupon the said Defendant was admonished by the Court of the consequences of said plea, and the said Defendant persisted in entering said plea; and it plainly appearing to the Court that the said Defendant is sane, and that he is uninfluenced in making said plea by any consideration of fear, or by any persuasion, or delusive hope of pardon prompting him to confess his guilt, the said plea was by the Court received and is here now entered of record, as the pleas herein of said Defendant; *thereupon a jury, to-wit: Frank P. Albright and eleven others, was duly selected, impaneled and sworn, and the jury after having heard the indictment presented, and the Defendant's said plea thereto, and having heard the evidence submitted, and having been duly charged by the Court * * *"* (Emphasis supplied)

Other portions of the record clearly support such statement in the judgment, and I do not understand the State to contend otherwise.

Upon her plea of guilty at the arraignment, the co-defendant Servance should have offered proceedings under the provisions of Article 26.14, supra, and the appellant Loftis upon his plea of not guilty at the arraignment should have been accorded a separate jury trial under the provisions of Article 37.07, V.A.C.C.P., regardless of whether a motion for severance had been filed or not. The prejudicial error here was obvious. To try these two appellants jointly as was done

in the case at bar violates fundamental fairness essential to the very concept of justice. It is the duty of courts to give protection against unlawful deprivation of liberty.

For the reasons stated, I must vigorously dissent.

MORRISON, J., joins me in this dissent.