Edwin Lowell **LOFTIS**, Petitioner-Appellant,

v.

Dr. George J. **BETO**, Director, Texas Department of Corrections, Respondent-Appellee.

No. 30899.

United States Court of Appeals, Fifth Circuit.

Oct. 8, 1971.

Rehearing Denied Nov. 10, 1971.

Peter S. Chamberlain (Court Appointed), Dallas, Tex., for petitioner-appellant.

Crawford C. Martin, Atty. Gen., Robert Darden, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., for respondent-appellee.

Before AINSWORTH, INGRAHAM and RONEY, Circuit Judges.

RONEY, Circuit Judge:

This is an appeal from a denial of a petition for writ of habeas corpus brought by a Texas state prisoner. The petitioner's primary complaint is that his co-defendant wife was allowed to plead guilty in the presence of the jury which tried petitioner. He contends that he was thereby deprived of his right of confrontation under the Sixth Amendment and that this procedure was fundamentally unfair in violation of the due process clause of the Fourteenth Amendment. The district court denied relief on the ground that any such error was harmless in view of the overwhelming evidence of guilt. We affirm.

The indictment charged that Loftis and his apparent common-law wife Rosemary Servance "acting together" did unlawfully possess heroin. Represented by an attorney, they both appeared for trial after a motion for continuance and motion for severance were denied.[1] At that time Servance pled guilty. Her punishment was assessed by the jury at the same time that it was determining whether Loftis was guilty or innocent.[2]

Petitioner argues that Servance's plea of guilty amounts to an extrajudicial confession implicating Loftis and admitted in evidence contrary to his right of cross-examination secured by the confrontation clause under Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), thus creating a fundamentally unfair trial in violation of the Fourteenth Amendment. Without deciding the *Bruton* problems, the district court held that under Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969), any *Bruton* error was harmless because of the overwhelming weight of the evidence.[3]

The fundamental question on this appeal is whether the alleged flaws in the state proceeding are of the con-

---

1. These motions were the basis for petitioner's direct appeal. See Loftis v. Texas, 433 S.W.2d 704 (Tex.Crim.App.1968).

2. Servance v. State, 433 S.W.2d 709 (Tex. Crim.App.1968), reversed her conviction on the ground that she was entitled to a separate trial because the joint trial produced prejudicial evidence admissible against her codefendant only and not admissible against her.

3. The petitioner also argues that the district court improperly applied an "overwhelming evidence" test rather than the correct standard of "harmless beyond a reasonable doubt" in determining that the

stitutional variety which are not cured by a finding that the error, if any, was harmless beyond a reasonable doubt. The Supreme Court has stated that some constitutional rights are so basic to a fair trial that their infraction can never be treated as harmless error. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).[4] On the other hand, it has been held that not all such transgressions require automatic reversal and that the introduction of a plea of guilty into the trial of a co-defendant falls within the latter category. Harrington v. California, *supra*. In *Harrington*, the court held that a violation of the confrontation clause, as interpreted in Bruton v. United States, *supra*, and applicable to state trials through the due process clause of the Fourteenth Amendment, Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), does not require the setting aside of the state conviction if the evidence of guilt is so overwhelming as to make the error harmless beyond a reasonable doubt. Although this standard is not spelled out, we assume that at the very least it means that an error is harmless beyond a reasonable doubt if the evidence which was properly received leaves no room for the jury to entertain any reasonable doubt as to guilt. Such a case we have here.

Only four witnesses testified in the guilt phase of the petitioner's trial: two United States Bureau of Narcotics Agents; a Dallas County deputy sheriff, who was present at the search and who corroborated the narcotic agent's testimony; and a chemist for the United States Treasury Department, who identified the heroin. The testimony of these witnesses was clear and uncontradicted. The defendant produced neither evidence nor the indication of any possible defense.

The testimony showed that based upon information obtained from an informant and from a surveillance two United States Bureau of Narcotics Agents, along with Dallas County sheriff's deputies, obtained a warrant to search petitioner's house. Upon entering the house, one agent saw Servance attempting to dispose of three heroin capsules in the toilet. These capsules were successfully recovered. Other items of narcotic paraphernalia were also seized from the house.

While the search was continuing one agent noticed Loftis, who was not home when the search began, walking toward the house. Apparently becoming aware that something was wrong, Loftis turned and fled with the awaiting agent in hot pursuit. A second agent, seeing the activity, joined the chase. The first agent caught Loftis, and as he did so, both agents saw Loftis throw down two match boxes. One match box contained seven capsules of heroin. Loftis told the agents, "You don't have to look any more, that's all there is, you've got it." Then turning to the agent who caught him, Loftis said, "I was hoping that I could throw it before you caught me."

Without regard to any evidence found in the house or associated with Servance, the direct testimony about the seven capsules of heroin which Loftis attempted to throw away and his subsequent statements are so clear and

errors complained of were harmless. We disagree. The district court in its order correctly stated that Harrington v. California, *supra*, was controlling. The fact that the district court used the words "overwhelming evidence" does not mean it applied the wrong standard. Those words were also used in *Harrington*, and in basing the decision directly on that case, the district court must have held that the evidence was so overwhelming that the error was harmless beyond a reasonable doubt.

4. In footnote 8, the court at p. 23, 87 S.Ct. 824 cited Payne v. Arkansas, 356 U.S. 560, 78 S.Ct. 844, 2 L.Ed.2d 975 (coerced confession); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 799 (right to counsel); Tumey v. Ohio, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (impartial judge). See also the discussion under Part II of Judge Friendly's article entitled Is Innocence Irrelevant? Collateral Attack on Criminal Judgments, 38 Chi.L.Rev. 142 (1970).

overwhelming that not the slightest doubt could be entertained as to his guilt, and neither the admission of the "confession" nor the refusal to sever under the *Bruton* doctrine could be considered anything other than harmless in their effect upon the outcome of this trial.

■ The motion to continue and the motion to sever had the same thrust and are matters which are consigned to the sound discretion of the trial judge and must fall by the same standard. No abuse of discretion has been demonstrated. By this decision we do not mean to imply that it would not have been better practice to afford defendant a separate trial unencumbered with his co-defendant's case, or that the higher standards of fairness would not thereby be better served. But where, as here, there is not the slightest indication that defendant would have been able to present any defense in a separate trial not available to him in this trial, or that he could have cast any doubt into such a trial as to the evidence of his guilt, we understand the law to be that the constitutional faults, if any, are not grounds for the federal court to set aside the state conviction.[5]

At the request of this court, the parties briefed and argued the question of whether defendant was deprived of effective counsel when the same attorney represented both defendants. Baker v. Wainwright, 422 F.2d 145 (5th Cir. 1970), cert. den., 399 U.S. 927, 90 S.Ct. 2243, 26 L.Ed.2d 794. We find that we are unable to dispose properly of this issue on the record before us. It is not clear whether trial counsel was appointed or employed. The opinion in Loftis v. Texas, *supra,* states that the defendants were "represented by the same counsel of their choice." The point was briefed as if counsel had been appointed. It is not clear when the determination was made that Servance would plead guilty. These are facts important to the determination of whether there might have been a knowing, voluntary and intentional waiver. The issue was not contained in the petition or considered by the district court. Under all of these circumstances no issue concerning effectiveness of counsel will be decided.

Affirmed.

---

5. Loftis did not testify before the jury on the guilt phase of his trial, but admitted before the court on the punishment issue that he was guilty of possession of seven capsules of heroin on the date alleged in the indictment.