John Henry **NICHOLS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46552.

Court of Criminal Appeals of Texas.

Oct. 10, 1973.

Gene W. Caldwell, Tyler (On appeal only), for appellant.

Donald R. Ross and Wm. L. Ferguson, Asst. County Attys., Henderson, Jim D.

Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This is an appeal from a conviction for burglary; the punishment was assessed by the jury at ten (10) years and six (6) months.

■ In his first ground of error the appellant contends that the court erred in limiting the testimony of the witness J. H. Williams at the punishment phase of the trial. The appellant applied for probation. The trial court limited the testimony of the witness, a minister, to his knowledge of appellant's reputation in the community in which he resided. There is no showing as to what the witness would have stated had he been allowed to testify and, therefore, nothing is presented for review. Hall v. State, Tex.Cr.App., 466 S.W.2d 762.

The first ground of error is overruled.

■ ■ In his second ground of error appellant contends the trial court erred in failing to conduct a hearing concerning the competency of appellant to stand trial. This contention is based on the fact that appellant's counsel, prior to trial, filed a motion for the appointment of a psychiatrist to determine appellant's competency to stand trial. There is no showing that this motion was ever called to the attention of the court or acted upon by him. In Ainsworth v. State, Tex.Cr.App., 493 S.W.2d 517 (1973), quoted with approval in Perryman v. State, Tex.Cr.App., 494 S.W.2d 542 (1973), we stated the rule in this matter as follows:

"An accused is not required to prove actual insanity or incompetency before the trial judge is required to conduct a separate hearing on the matter. If this were the rule, the separate hearing procedure would be meaningless. However, *it is*

*necessary that evidence come before the court, from some source, of sufficient force to create in the court's mind reasonable ground for the judge to doubt the competency of the accused to stand trial.* Once this occurs, the court should conduct a hearing out of the presence of the jury to determine whether or not there is in fact an issue as to the competency of the accused to stand trial." [Emphasis Added]

Ground of error number two is overruled.

■ By ground of error number three appellant contends that the trial court violated Articles 36.27 and 38.05, Vernon's Ann.C.C.P., in answering two written questions of the jury. This ground of error appears to be multifarious and it is difficult to determine what action of the court appellant contends violated which article. Nevertheless, no objection was made to either the substance of the answers or the procedure used in answering them. Appellant's counsel was specifically afforded an opportunity to object in each instance. No error is presented. Lipscomb v. State, Tex.Cr.App., 467 S.W.2d 417; Franklin v. State, Tex.Cr.App., 409 S.W.2d 422.

Ground of error number three is overruled.

■ In ground of error number four appellant urges that the court erred in failing to conduct a hearing outside the presence of the jury as to the voluntary nature of the confession. Appellant's counsel, after the State proved the Miranda warnings, specifically stated that he had no objection to the admission into evidence of the confession. The issue of voluntariness was not presented. Appellant judicially confessed at the punishment stage of the trial. Taylor v. State, Tex.Cr.App., 489 S.W.2d 890; Harris v. State, Tex.Cr.App., 465 S.W.2d 175.

Ground of error number four is overruled.

■ In his fifth ground of error appellant contends that the trial court erred in appointing one attorney to represent both appellant and his co-indictee. The court granted a severance. Appellant's co-indictee entered a plea of guilty, but such fact was not made known to the jury who tried this appellant and we find no injury to appellant. Cf. Loftis v. State, Tex.Cr.App., 433 S.W.2d 704.

Ground of error number five is overruled.

■ In ground of error number six appellant contends the trial court erred in overruling the appellant's objection to questions directed to him concerning an extraneous offense of unlawful sale of firearms.

Appellant testified at the punishment phase that his motive in entering the burglarized store and stealing certain firearms was to sell them to obtain money. The State inquired as to whether the appellant knew that such a sale would be unlawful. Appellant's testimony clearly authorized such cross-examination. McCrea v. State, Tex.Cr.App., 494 S.W.2d 821.

Ground of error number six is overruled.

■ In his final contention appellant's counsel on appeal urges that he was denied effective assistance of counsel in that trial counsel failed to investigate and urge a motion for psychiatric examination to the extent necessary to obtain a hearing and that trial counsel did not urge objections to the confession.

Concerning the confession, the record reflects that appellant's counsel had discussed the case with appellant's father at two different conferences as well as with appellant. At the punishment stage of the trial appellant admitted his guilt and stated that he was sorry. Appellant's counsel had practiced law for over four years, one year of which had been in criminal law.

In Coursey v. State, Tex.Cr.App., 457 S. W.2d 565, 570, this Court in passing on counsel's failure to object to the admission of a confession stated:

". . . we cannot conclude that an experienced lawyer is to be deemed ineffective for failure to object when his knowledge of circumstances tells him what the ultimate outcome must necessarily be."

With reference to the psychiatric examination, it has been held by the United States Court of Appeals, Fifth Circuit, that failure to assert mental incompetence did not render counsel ineffective. Daugherty v. Beto, 388 F.2d 810 (5th Cir. 1967), cert. den., 393 U.S. 986, 89 S.Ct. 461, 21 L.Ed.2d 447.

Finding no reversible error, the judgment is affirmed.