COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| GARY NOLAN, | § | No. 08-10-00042-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 346th District Court |
| THE STATE OF TEXAS, | § | |
| | | of El Paso County, Texas |
| Appellee. | § | |
| | | (TC# 20090D01534) |
| | § | |

**O P I N I O N**

An El Paso County jury, in a single proceeding, found appellant, Gary Nolan, guilty of two counts of aggravated sexual assault and three counts of indecency with a child. *See* TEX. PENAL CODE ANN. §§ 21.11 & 22.021 (West 2011). The jury assessed Nolan's punishment at imprisonment for 50 years for each count of aggravated sexual assault and imprisonment for 15 years for each count of indecency with a child. The trial court ordered that the five sentences shall run consecutively. In his brief to this Court, Nolan brings four issues. Finding no reversible error, we overrule Nolan's issues and affirm the judgments of the trial court.

**FIRST ISSUE**

In his first issue, Nolan argues that the State, during its closing argument at the guilt stage of trial, "mischaracterized the evidence, made incorrect assertions of the law, denigrated the trial court's charge, and argued facts that were not in evidence." He argues further that the "cumulative effect" of the State's improper closing argument denied him a fair trial and due process of law. Although Nolan does not explicitly attack any of the trial court's rulings concerning the State's

closing argument, we think that he is implicitly arguing that the trial court erred in not granting the relief that he requested (see below).[1]

The record reflects eleven instances in which Nolan complained to the trial court about the State's closing argument. In six of those instances, Nolan simply objected and the trial court sustained the objection. In those six instances, then, Nolan received all the relief that he requested and he preserved no error for appellate review. *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex.Crim.App. 1996); *Boyd v. State*, 643 S.W.2d 700, 707 (Tex.Crim.App. 1982).

The seventh instance in which Nolan complained about the State's closing argument proceeded as follows:

> The State: A lesser included offense. Okay. A lesser included offense carries punishment which is lesser than the actual charge.[2] Aggravated –
>
> Defense Counsel: Your Honor, that is impermissible argument at this point. Punishment, potential punishment. Your Honor?
>
> The Court: Sustained.
>
> Defense Counsel: I would ask to move to strike.
>
> The Court: Let's move on. Move to strike is granted. The jury is ordered to disregard that last statement regarding this case, [Mr. Prosecutor].
>
> Defense Counsel: Your Honor, I have to ask for a mistrial as well.
>
> The Court: Denied.

A mistrial is the trial court's remedy for "improper conduct [that] is so harmful that the case must be redone." *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex.Crim.App. 2004). "Only in extreme

---

[1] Ordinarily, reversible error occurs only when the trial court makes a mistake. *Hawkins v. State*, 135 S.W.3d 72, 76 (Tex.Crim.App. 2004).

[2] The record reflects that the State was attempting to explain the difference between the charged offense of aggravated sexual assault of a child and the lesser included offense of indecency with a child.

circumstances, where the prejudice is incurable, will a mistrial be required." *Id*.

A trial court, when ruling on a motion for mistrial concerning improper prosecutorial argument at the guilt stage, must consider: (1) the severity of the misconduct, (2) the effectiveness of measures adopted to cure the misconduct, and (3) the certainty of conviction absent the misconduct. *Archie v. State*, 221 S.W.3d 695, 700 (Tex.Crim.App. 2007). A trial court's ruling on a motion for mistrial will not be disturbed on appeal absent an abuse of discretion. *Wead v. State*, 129 S.W.3d 126, 129 (Tex.Crim.App. 2004).

We discern no abuse of discretion on the part of the trial court in its denial of Nolan's motion for mistrial. The trial court could have reasonably concluded that: (1) the State's argument, though improper, was only mildly so; (2) the court's instruction to disregard would be effective;[3] and (3) Nolan was likely to be convicted absent the improper argument.[4] Thus, the trial court could have reasonably concluded that a mistrial was not required.

The eighth instance in which Nolan complained about the State's closing argument proceeded as follows:

> The State: Because if you recall, [defense counsel] even asked [the detective], "Why didn't you go pick up the [complainant's] bedspread or bed sheets?" That's just ridiculous. Who is not going to change their bed sheets in over three years? Well, the child testified [Nolan] didn't even live at the place that it happened anymore.
>       So what is the detective expected to do, violate all kinds of laws and go in there and check somebody's house?
>
> Defense Counsel: I'm going to object to that as well. That characterization, again, it mischaracterizes the evidence. It mischaracterizes the testimony. I, also now at this time, again move for another mistrial, Your Honor, based on comments by the

---

[3] In most instances, error in jury argument is curable by an appropriate instruction. *Shannon v. State*, 942 S.W.2d 591, 597 (Tex.Crim.App. 1996).

[4] The evidence against Nolan, which the trial court was in a position to see and hear, consisted of the testimony of the two complainants as well as e-mailed messages in which Nolan admitted misconduct toward the complainants.

State in its closing.

The Court: Overruled. This is closing. Motion for mistrial is denied.

Ladies and gentlemen of the jury, recall what I told you earlier, what the attorneys say is not evidence. It's what you heard from the witness stand is what is evidence.

The record reflects that defense counsel, during his cross-examination of El Paso Police Detective Elizabeth Puga, asked her whether the police had ever sought to obtain the "bed sheets or comforters" belonging to the complainants. Detective Puga replied that the police had not sought to obtain those items because the alleged offenses occurred years before the complainants had reported them. And the complainants, both of whom were minors, testified that their father, Nolan, no longer resided with them at the time they contacted the police about the offenses in question. Thus, when Nolan objected to the State's argument as a mischaracterization of the evidence, the trial court could have properly overruled that objection on the ground that the State's argument was in fact an accurate summation of the evidence. *See Alejandro v. State*, 493 S.W.2d 230, 231 (Tex.Crim.App. 1973) (summation of the evidence is proper area for closing argument). For the same reason, the trial court could have properly denied Nolan's motion for mistrial.

The ninth instance in which Nolan complained about the State's closing argument proceeded as follows:

The State: Since we are talking about evidence, let's talk about what the detective told you. "We can't go into somebody's home unless we have a warrant, we have a reason to be in there."

We can't just go collect evidence because we want to. There are rules that guide that. They have to have a reason to get in there. And the children told you [Nolan] doesn't live at the place that this happened anymore. So they want you to go in there and check –

Defense Counsel: I'm going to object –

The State: – when they don't –

The Court: Hold on, please. Just a minute. [Mr. Prosecutor], if you will do me a favor and please wait when there is an objection.

Defense Counsel: Judge, I can't sit and have [the State] again mischaracterize –

The State: I didn't –

The Court: Hold on.

Defense Counsel: My objection is the mischaracterization of the evidence from the witness stand. If the jury will recall what was said, that was not what the testimony was.

The Court: Overruled.

The record reflects that Detective Puga testified that police cannot legally enter a home looking for evidence without a search warrant. And, as noted before, the complainants testified that Nolan no longer lived with them when they contacted the police. Thus, when Nolan objected to the State's argument as a mischaracterization of the evidence, the trial court could have properly overruled that objection on the ground that the State's argument was in fact an accurate summation of the evidence.

The tenth instance in which Nolan complained about the State's closing argument proceeded as follows:

The State: They will downplay the [police] investigation. They will criticize the way two children testify in court, and they will even make it a point to tell you the 17 year old, we'll never know if she was sexually assaulted because she is pregnant. Well, are we surprised that a teenager is knocked up after she has been molested for years from her dad? Yeah, I'm shocked.

Defense Counsel: I'm objecting to that. I'm moving for a mistrial, Your Honor. We have had several of these issues come up, again, Your Honor. That's improper argument.

The Court: Sustained.

Defense Counsel: And the State knows that.

The Court: Sustained. That last statement, the jury is ordered to disregard.

Nolan did not press his motion for mistrial to an adverse ruling, so he preserved nothing for appellate review. TEX. R. APP. P. 33.1(a).

The eleventh, and final, instance in which Nolan complained about the State's closing argument came shortly after the jury began its deliberations at the guilt stage:

> The Court: Back on the record out of the presence of the jury.
> [Defense Counsel]?

> Defense Counsel: Yes, Your Honor. I have to, again, note for the record that I move for a mistrial in this case based on repeated and improper argument by the State, and I ask the Court to use its gatekeeping function and mistrial this based on the argument.

.  .  .

> The Court: It's denied.

We discern no abuse of discretion on the part of the trial court in its denial of Nolan's motion for mistrial, because the trial court could have properly denied the motion for either of two reasons. First, Nolan's motion was untimely, because it was not made as soon as the grounds for it became apparent. *See Johnson v. State*, 803 S.W.2d 272, 291 (Tex.Crim.App. 1990); TEX. R. APP. P. 33.1; G. Dix & J. Schmolesky, *Texas Practice Series: Criminal Practice and Procedure* § 53:53 (3rd ed. 2011); 23A C.J.S. *Criminal Law* § 1872 (2006). Second, Nolan's motion raised nothing that had not been raised previously.

Having found no trial court error with respect to the State's closing argument at the guilt stage, we also find no cumulative error, and we overrule Nolan's first issue.[5]

## SECOND ISSUE

---

[5] "[W]e are aware of no authority holding that non-errors may in their cumulative effect cause error." *Chamberlain v. State*, 998 S.W.2d 230, 238 (Tex.Crim.App. 1999).

In his second issue, Nolan argues that the cumulation orders in this case "are not sufficiently specific to allow cumulative sentences" and are therefore void.

The jury found Nolan guilty of two counts of aggravated sexual assault (Counts I and II in the indictment) and three counts of indecency with a child (Counts III, IV, and V in the indictment). The jury later assessed Nolan's punishment at imprisonment for fifty years for each count of aggravated sexual assault and imprisonment for fifteen years for each count of indecency with a child. Based on the jury's verdicts at punishment, the trial court pronounced sentence orally as follows:

> The Court: Then finding nothing to bar the pronouncement of the sentence against you, sir, I will at this time abide by the decision of the jury. The jury has decided to have you serve 50 years on Count 1, aggravated sexual assault of a child; 50 years on Count 2, aggravated sexual assault of a child; on Count 3, 15 years for indecency with a child; Count 4, indecency with a child, 15 years; and Count 5, 15 years to the charge of indecency with a child.
> Having heard the motion from the State, the Court is of the opinion, as allowed under the Texas Penal Code Section 3.03 and Section 21.11 and 22.011 that these sentences run consecutively.

The court later signed three written judgments – one judgment encompassing Counts I and II, one judgment encompassing Count III, and one judgment encompassing Counts IV and V – each of which contained a cumulation order stating that the sentence(s) "shall run consecutively and shall begin only when the judgment and sentence in the following case has ceased to operate: ALL FIVE COUNTS." (Capitalization in original.)

If a trial court orders a sentence to run consecutively to another, the written cumulation order must contain sufficient information identifying the "base" sentence to permit prison and parole officials to determine when service of the second sentence is to begin. *See* G. Dix & J. Schmolesky, *Texas Practice Series: Criminal Practice and Procedure* § 46:152 (3rd ed. 2011) (citing cases). The cumulation orders in this case are inadequate, because they do not contain sufficient information identifying the "base" sentence or when service of the other sentences is to begin. Nevertheless, in a case such as this, we can infer from the order in which the trial court pronounced sentence on the various counts that that is the order in which the trial court intended that the sentences be served. Furthermore, we have the authority to reform the trial court's written cumulation orders to reflect the trial court's intent and to make the written orders adequate. *Banks v. State*, 708 S.W.2d 460, 462 (Tex.Crim.App. 1986); Tex. R. App. P. 43.2(b). We reform the written cumulation orders below, and we overrule Nolan's second issue.

## THIRD ISSUE

In his third issue, Nolan argues that the trial court erred in admitting in evidence, at the guilt stage, State's Exhibits 1 and 2, which purported to be e-mailed messages from Nolan to his daughter A.G. Nolan argues, as he did below, that the exhibits were inadmissible because they "were not sufficiently authenticated."

During A.G.'s testimony for the State, the State tendered State's Exhibits 1 and 2 to A.G. for

her inspection, and then the following transpired:

Q: And those documents that are in front of you, do they reflect your father's [i.e., Nolan's] e-mail address at the time?

A: Yes, they do.

Q: And do they reflect your e-mail address at the time?

A: Yes, they do.

Q: Okay. So can you tell us where those e-mails are coming from?

A: They are coming from my father's e-mail to me.

Q: Okay. And that's how you would normally communicate?

A:Yes.

. . .

Q: The contents of these e-mails, these conversations, are these conversations ones that you had with your father?

A: Yes.

Q: Are these – the contents of what he is talking about in these e-mails, are they details that only he would know?

A: Yes.

Q: Are they conversations that happened exclusively between you and your father?

A: Yes.

. . .

Q: Let me direct your attention to that. There are some references in there to bank accounts; is that correct?

A: Yes.

Q: Okay. And who would be familiar with those bank accounts.

A: My father.

Q: So this is the normal way in which you have been communicating since 2006, correct?

A: Yes.

Q: This is your father's e-mail address it's coming from?

A: Yes.

Q: It's going to your e-mail address?

A: Yes.

Q: He has made references to items that only he and you know about?

A: Yes.

Q: He is making references to bank accounts that only he knows about?

A: Yes.

The State: We move for admission of 1 and 2 into evidence.

The Court: [Defense counsel]?

Defense Counsel: Same objection, Your Honor, I think the Court has heard.

The Court: Very well. It's overruled. It's admitted. State's Exhibit[s] 1 and 2.

A trial court's evidentiary ruling will not be disturbed on appeal absent an abuse of discretion. *Montgomery v. State*, 810 S.W.2d 372, 378-79 (Tex.Crim.App. 1990).

Rule 901 of the Texas Rules of Evidence provides: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." TEX. R. EVID. 901(a). Under this rule, the trial court's role is limited to determining whether the proponent of evidence requiring authentication has presented a prima facie case, i.e., evidence sufficient to support a jury finding that the item in question is what its proponent claims. The factual contingency in the offered evidence

(did Nolan write the e-mails?) is to be given to the jury, assuming the evidence is such that there is a reasonable basis for the jury to find that Nolan wrote the e-mails. *Druery v. State*, 225 S.W.3d 491, 502 (Tex.Crim.App. 2007); S. Goode, et al., *Texas Practice Series: Guide to the Texas Rules of Evidence* § 901.1 (3rd ed. 2002); TEX. R. EVID. 104(b). Given A.G.'s testimony, recounted above, the trial court could have reasonably concluded that the State satisfied its burden of presenting a prima facie case. In other words, on this record the trial court could have reasonably concluded that A.G.'s testimony concerning the e-mails was sufficient for a reasonable jury to conclude that Nolan was in fact the author of the e-mails. Thus, we discern no abuse of discretion on the part of the trial court in admitting State's Exhibits 1 and 2. We overrule Nolan's third issue.

## FOURTH ISSUE

In his fourth issue, Nolan argues that the trial court erred, at the guilt stage, in denying his request to reopen the case and take judicial notice of the dates that his former wife filed for, and was granted, a divorce from him. Nolan argues that those dates were relevant because they had a tendency to establish that his former wife persuaded the complainants to testify against him.

The record reflects that, after the close of the evidence at the guilt stage but before the jury was instructed, defense counsel asked the trial court to reopen the case and take judicial notice of the dates that his former wife filed for, and was granted, a divorce. Counsel explained the relevancy of the information in question as follows:

Defense Counsel: [T]here has been ample references to the time period and the circumstances surrounding these allegations. And part of those were discussions with the witnesses about the ongoing divorce, how long the separation was, things of that nature. And I think it is germane and it is relevant. It is an area that we want to go into.

The trial court denied the request to reopen, explaining that it did not see the relevancy of the information in question.

Article 36.02 of the Texas Code of Criminal Procedure provides: "The court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice." TEX. CODE CRIM. PROC. ANN. art 36.02 (West 2007). Under this statute, a trial court must reopen a case "if the evidence would materially change the case in the proponent's favor." *Peek v. State*, 106 S.W.3d 72, 79 (Tex.Crim.App. 2003). An appellate court may not disturb a trial court's decision not to reopen absent an abuse of discretion. *Wilkinson v. State*, 423 S.W.2d 311, 313 (Tex.Crim.App. 1968).

We discern no abuse of discretion on the part of the trial court in its decision not to reopen. On this record, the trial court could have reasonably concluded that the information in question would not materially change the case in Nolan's favor. The record contains no evidence that Nolan's former wife sought to use the allegations against him to her advantage in the divorce proceeding or that she asked the complainants to perjure themselves. We overrule Nolan's fourth issue.

**CONCLUSION**

Pursuant to our authority under Rule 43.2(b) of the Texas Rules of Appellate Procedure, we reform the judgments in this cause to show the following: the sentence for Count I shall run first, the sentence for Count II shall run consecutively to the sentence for Count I, the sentence for Count III shall run consecutively to the sentence for Count II, the sentence for Count IV shall run consecutively to the sentence for Count III, and the sentence for Count V shall run consecutively to

the sentence for Count IV.  Tex. R. App. P. 43.2(b).  We affirm the judgments of the trial court as modified.


                                         GUADALUPE RIVERA, Justice

August 31, 2011

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)